James A. WARD and Nellie V. Ward, Appellants (Contestees and Petitioners below),

v.

Oscar T. YODER, Fox Creek Land and Livestock Company, Charles F. Swarm, Daniel Jensen and Bill W. Poage, Appellees (Contestants below).

In the Matter of Proceedings in re Abandonment of Water Rights, Priority No. 19, Priority No. 28 and Priority No. 56 from Bear Creek.

No. 2926.

Supreme Court of Wyoming.

Dec. 7, 1960.

James A. Greenwood of Greenwood, Ferrall, Bloomfield, Osborn & Lynch, Cheyenne, for appellant.

George P. Sawyer and Hathaway & Sigler, Torrington, for appellees.

Before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

PER CURIAM.

Petition for rehearing has been filed on the grounds that (1) proof of intent to abandon water right 19 was required to support the declaration of abandonment of such right; (2) § 41-47, W.S.1957, is not a

self-executing statute, and proof of nonuse for five consecutive years is insufficient to support a declaration of abandonment; (3) there was no substantial evidence to support the declaration of abandonment; (4) failure to use the Ontario Ditch was not an abandonment of water right 19; (5) there was beneficial utilization of water under 19 through the Babbitt Ditch during the period 1953–1958. It is urged that the opinion of this court to the contrary was error.

As to the first point, contestee state that compliance with the provisions of § 41–48, W.S.1957, is essential to abandonment. They then say, "this Statute is neither mentioned or considered in the Opinion in the case at Bar." They overlook the fact that the initial action before the Board of Control specifically referred to § 71–702, W.C.S. 1945 (now § 41–48), and that the opinion herein in its first sentence at 355 P.2d 372 stated, "under the provisions of §§ 41–47— 41–52, W.S.1957, [contestants] sought a legal declaration of abandonment." This statute was before the Board of Control, the trial court, and this court; and here we considered that it provided the means by which a water user who might be affected by a declaration of abandonment of existing water rights might take steps to bring about a legal declaration of such abandonment.

It is then urged that the holding in the principal opinion overrules that in four previously decided cases in this court. This is untrue. The present decision is wholly consistent with the views expressed in each of these cases, as will appear from an analysis of the quoted portions.

Contestees argue that in Van Tassel Real Estate & Live Stock Co. v. City of Cheyenne, 49 Wyo. 333, 54 P.2d 906, 910, certiorari denied 299 U.S. 574, 57 S.Ct. 38, 81 L.Ed. 423, it is said:

"* * * Counsel for the city contend that, in order to find that this water was abandoned, an intent to abandon must be shown, and that this has not been done in this case. We

agree that no such intent has been shown, and that it is necessary to be shown in the ordinary case, in order to prove abandonment. * * *"

They neglect to complete the quotation by supplying the words which we used in our opinion:

"* * * But in many of the states, including our own, a statute of nonuser or forfeiture (which, however, is strictly construed, Kinney, Irr., [2d Ed.] § 1120), has been enacted, in which case it is generally, though not universally, held that the element of intent is not necessary. * * *"

Contestees next maintain that in Wyoming Hereford Ranch v. Hammond Packing Co., 33 Wyo. 14, 236 P. 764, 766, 767, the court said:

"It is further contended that, before a water right can be forfeited, there must be proof not only of nonuser for the statutory period, but also of a concurring intention to abandon the right; that the evidence fails to meet this test, and is therefore insufficient to support the decree of forfeiture. For the present we shall assume that nonuser for the statutory period would not be sufficient ground for declaring a forfeiture of the right unless from all the evidence in the case, including the evidence of nonuser, the trial court would be justified in drawing the inference of an intention to abandon the right. * *

* * * * * *

"In consideration of all the facts and circumstances, we think the trial court was justified in finding not only that there was a nonuser for more than the statutory period of the rights in question, but that such nonuser was accompanied by an intention to abandon the rights. * * *"

They fail, however, to quote the concluding part of the court's opinion on this subject when it said at 236 P. 767:

"* * * It is unnecessary to say whether under the statute a forfeiture may be decreed upon evidence showing

nonuser for the statutory period where the circumstances would not justify a finding of an intention to abandon the right."

By specifically leaving the point undecided, the Hereford case anticipated that the question now before us would be later decided.

Contestees say that in Sturgeon v. Brooks, 73 Wyo. 436, 281 P.2d 675, the court indicated that a nonuse of water for the statutory period would not automatically forfeit a water right. This point is not in question and is not germane to the present case. In fact, contestants' action here sought a declaration of abandonment, and there was no contention that the abandonment or forfeiture was automatic or that it occurred prior to the date of the order of the Board of Control.

The argument as to Ramsay v. Gottsche, 51 Wyo. 516, 69 P.2d 535, 539, is based upon a quotation from 2 Kinney, Irrigation and Water Rights, 2d ed., § 1118, p. 2021, wherein it is said that "the evidence must be clear and convincing that it was the intent of the owner to abandon the right before the Court will decree that the right was actually abandoned." Contestees omit the last part of this sentence from Kinney which is quoted in the Ramsay case at 69 P.2d 539, " 'it has been the policy of the legislatures of the various States and Territories to pass enactments providing for the forfeiture of these rights for the failure or neglect to use them for a beneficial purpose.' "

Contestees continue to maintain that § 41–47 is not a statute of forfeiture, notwithstanding the use in the enactment of the word "forfeit" and disregarding the repeated reference of this court to the statute as being one of forfeiture. Wyoming Hereford Ranch v. Hammond Packing Co., supra, at 236 P. 767; Van Tassel Real Estate & Live Stock Co. v. City of Cheyenne, supra, at 54 P.2d 910; Ramsay v. Gottsche, supra, at 69 P.2d 539. Considerable argument is advanced to the effect that § 41–47 is not a self-executing statute, and for the purpose of discussion this may be conceded. However, the point is not germane to a determination of this case since the contestants' petition sought the declaration of the board and there was no claim that the forfeiture took place automatically. It is pointed out that the authors Weil and Kinney were considering § 41–47 and not § 41–48 or the two construed together. Although this is true, such fact does not alter the provision for forfeiture contained in § 41–47 nor the fact that § 41–48 is one means of effectuating it.

Carrington v. Crandall, 65 Idaho 525, 147 P.2d 1009, cited in the principal opinion at 355 P.2d 376, is probably worthy of further comment. That case, an action to quiet title and turning upon the failure of proof of possession, although not in point on the facts before us, emphasized that under statutes such as § 41–47 nonuser for the stated number of years forfeits water rights regardless of the appropriator's intent.

Contestees again insist that their failure to use the Ontario Ditch was not per se an abandonment of water right 19. This point, closely relating to the argument that there was a beneficial utilization of water by contestees under priority 19 through the Babbitt Ditch in the years 1953–1958, must be considered in the light of all of the evidence produced in the case. In the opinion we analyzed with some particularity the evidence which was before the trial court and indicated that we considered it to have been substantial and sufficient to warrant the judgment. No argument is now presented which alters this view, and the rehearing must accordingly be denied.

Denied.