Zola BUTTS, Appellant (Plaintiff below),

Ernest Butts (Plaintiff below),

v.

Ruth M. GIERSE, Appellee (Defendant and Third-Party Plaintiff below),

v.

Earl Blackmore BUTTS (Third-Party Defendant below).

No. 4812.

Supreme Court of Wyoming.

Jan. 13, 1978.

Dennis M. Kirven and David F. Evans, Legal Intern, of Kirven & Kirven, Buffalo, for appellant.

William D. Omohundro and Terrence L. O'Brien of Omohundro & O'Brien, Buffalo, and Marvin L. Bishop III, Casper, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

Appellant herein, plaintiff below, appeals from the entry of a summary judgment entered against her upon only a portion of her complaint. The trial court, pursuant to Rule 54(b), W.R.C.P., expressly found that there was no just reason for delay.

This appeal must be dismissed because it is not an appealable order. Plaintiffs'[1] complaint alleged and claimed "an easement for right-of-way" for the use of a road which is referred to as "Tisdale Mountain Road" and which traverses lands owned by appellee, defendant below. A portion of this road was at one time dedicated and designated as a county road, being Johnson County Road No. 197, which was abandoned by the board of county commissioners on February 4, 1975.

By way of a separate defense, defendant asserted that because "this segment of the road was used in common with the public, plaintiffs' alleged use of the road that was on defendant's property was not done openly, visibly, notoriously, exclusively and adversely to defendant so as to establish a prescriptive easement." In its order sustaining the motion for summary judgment the court recited:

> "* * * that the Defendant's Motion for Summary Judgment as filed herein is granted, that the portion of the Complaint filed by the Plaintiffs, ERNEST BUTTS and ZOLA BUTTS, which pertains to and prays for an easement and right-of-way across the lands of the Defendant along a road formally known as Johnson County Road # 197 * * * is hereby dismissed with prejudice."

The above statement makes clear that the action of the court sustained only the contention of defendant insofar as it covered those lands formerly used as this county road.

1. This action was originally instituted by Ernest and Zola Butts. Ernest died during pendency of the litigation and Zola, as plaintiff, proceeded therewith.

This order leaves for trial and adjudication the claim to an easement for the use of the road across the remainder of the lands involved and clearly discloses that it made disposal of one issue involved in the total claim. The finding and certificate of the trial court do not make this an appealable order, *Liberty Mutual Insurance Company v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435. See 10 Wright and Miller, Federal Practice and Procedure: Civil § 2655, pp. 35–37 (1973).

By its own terms Rule 54(b) limits its applicability to cases in which there is more than one claim, *Lutheran Hospitals and Homes Society of America v. Yepsen*, Wyo., 469 P.2d 409, 410; *Liberty Mutual Insurance Company v. Wetzel*, supra; *McNellis v. Merchants National Bank and Trust Company of Syracuse*, 2 Cir., 385 F.2d 916, 918.

We must therefore hold that this is not an appealable order and this appeal must be dismissed.

Dismissed.