Jake GRIFFIN and Edith C. Griffin,
Appellants (Plaintiffs),

v.

BETHESDA FOUNDATION, a corporation, Appellee (Defendant).

No. 5227.

Supreme Court of Wyoming.

April 10, 1980.

John R. Vincent of Hettinger & Leedy, Riverton, signed the brief and appeared in oral argument for appellants.

Michael McGill of McGill, Koley, Parsonage & Lanphier, P. C., Omaha, Nebraska, and James H. Sperry, Worland, signed the brief and appeared in oral argument for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

RAPER, Chief Justice.

The record in the above-captioned appeal was filed and docketed in this court on December 6, 1979. In the course of pre-argument preparation, this court isolated a potentially significant question concerning jurisdiction because of a possible improper application of Rule 54(b), W.R.C.P.[1]

---

1. "(b) *Judgment upon multiple claims or involving multiple parties.*—When more than one (1) claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, *the court may direct the entry of a final judgment as to one (1) or more but fewer than all of the claims*

As is evident from the annotation which follows Rule 54, W.R.C.P. in the Wyoming Court Rules volume, this court has frequently addressed questions concerning the limitations of Rule 54(b). Because the questions which appear in this case are difficult and somewhat technical to answer, we directed the parties to brief certain questions with respect to this particular case.

The pertinent factual information is this. The appellants were 80 and 84 years of age, respectively, when they entered into a contract with the appellee nursing home corporation in August 1975. By the terms of the contract, the appellants conveyed and transferred some $50,000.00 worth of property to the appellee in exchange for a commitment that appellee would care for the appellants for the rest of their lives. The appellants filed their initial complaint on November 2, 1978. This complaint was amended twice, the last amended one being filed on June 27, 1979. In the amended complaint, as it finally stood when a partial summary judgment was granted for appellee, the appellants alleged two counts that sounded in contract and two counts that sounded in tort:

I. Breach of contract in that defendants have failed to provide nursing care in conformity with contract, asking damages of $33,768.28.

II. Defendants have been unjustly enriched because they have failed to provide nursing home care in conformity with the contract, asking damages of $33,768.28.

III. Defendants are guilty of gross, willful, and wanton disregard of the rights and feelings of plaintiffs and have been guilty of malicious conduct toward plaintiffs because they have failed to conform their nursing home operation to federal, state, and local regulations, asking $10,000.00 in damages.

IV. That defendant fraudulently and deceitfully induced the plaintiffs to contract with them by promising a wholesome atmosphere in which plaintiffs could live out the remainder of their lives but never intended to fulfill that contract and further that they persuaded plaintiffs to enter into a contract which defendant knew to be void and prohibited by law, asking damages in an unspecified amount but which will serve to deter future conduct of such a sort.

The district court granted a summary judgment for appellee as to counts III and IV and further entered judgment and made an express Rule 54(b) certification of no just reason for delay. Because this court perceived that these claims may not constitute multiple claims within the ambit of Rule 54(b), the parties were asked to submit briefs on the following questions:

"(1) In view of pertinent authorities (e. g., 10 Wright & Miller, Federal Practice and Procedure: Civil § 2657, especially footnotes 92 and 98), does the complaint present more than one claim, or is a single claim stated more than one way? If there is more than one claim stated, are those claims mutually exclusive? Is this plaintiff suing to vindicate one legal right and alleging several elements of damage?

"(2) In view of the fact that the operative facts are virtually identical as to all claims, is it an abuse of the trial court's discretion to make an express determination that there is no just reason for delay? Why should the Court consider this part of this case at this time? (See e. g., 10 Wright & Miller, Federal Practice and Procedure: Civil § 2659, especially footnotes 62–64, 69 and 73.)"

The parties ably presented their views of these issues by briefs and oral argument. At the outset, it is noted that neither party objected to the decision made by the district

---

or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims, or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

court with respect to these queries and that the district court conducted a rather extensive inquiry into the matter before it took certifying action.

■ Rule 54(b) calls into play a two-step decision-making process. First, the district court must determine that Rule 54(b) applies, i. e., *are there multiple claims or multiple parties as contemplated by Rule 54(b)*? The answer to this threshold question is by nature one of law and this court gives no special deference to the determination made by the district court. *Butts v. Gierse*, Wyo. 1978, 573 P.2d 1365, 1366; 10 Wright & Miller, Federal Practice and Procedure: Civil § 2655, pp. 37–38; and see generally *State Board of Control v. Johnson Ranches, Inc.*, Wyo. 1980, 605 P.2d 367, 372–373.

■ Once this question has been answered affirmatively, the district court must move on to the second determination, i. e., *is there no just reason for delay*? This determination is reviewable only for an abuse of discretion. 10 Wright & Miller, supra, Civil § 2655, p. 38 (fn. 35). This is so because such a decision is more in the nature of a factual determination. The district court is called upon to weigh a variety of factors and factual circumstances in reaching its decision. 10 Wright & Miller, supra, Civil § 2659.

■ In this case, the district court erred in determining that there were multiple claims[2] within the contemplation of Rule 54(b). The four counts are dependent on the same facts. Any discussion of each individual count may begin at a different point of embarkation, but we inevitably arrive at the same destination—the underlying contract. Without it the appellants have no lawsuit. All issues are inseparable. At a maximum, appellants state claims which are mutually exclusive or presented in the alternative, and at a minimum, they are merely alleging several elements of damage. In either case, only one claim is presented and Rule 54(b) does not apply.

Because of this holding, we need not decide whether the district court abused its discretion in determining that there was no just reason for delay.

There being no final order, Rule 1.05, W.R.A.P., from which an appeal may be taken, an order dismissing the appeal will be entered concurrently with this opinion.

### ORDER DISMISSING APPEAL

Pursuant to the court's opinion filed this date and for the reasons there stated, it is

ORDERED that the above-entitled appeal be, and is, dismissed.

---

2. No issue is raised with reference to multiple parties. In this regard, see *Ranchester State Bank v. Johnson*, Wyo. 1980, 608 P.2d 1271.