**Darel Lloyd WETERING, Executor of the Estate of Daniel Ray Wetering, Deceased, Appellant (Plaintiff),**

v.

**Sylvia R. EISELE, and School District No. 1 of Laramie County, Wyoming, jointly and severally, Appellees (Defendants).**

**No. 83–119.**

Supreme Court of Wyoming.

June 15, 1984.

Vincent A. Ross of Ross & Ross, Cheyenne, for appellant.

Ward A. White of Guy, Williams, White & Argeris, Cheyenne, for appellees.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN, and CARDINE, JJ.

THOMAS, Justice.

The sole question presented by this appeal is whether a brother and the sisters of a decedent can participate in a wrongful death action and establish their respective damages. We must determine whether the brothers and sisters of a decedent are in-

cluded within the phrase "every person for whose benefit such action is brought" found in § 1–38–102, W.S.1977 (Cum.Supp. 1983). The district court, with some reluctance, held that they were not included because of dictum in this court's opinion in *Saffels v. Bennett*, Wyo., 630 P.2d 505 (1981). We reverse the decision of the district court, and hold that brothers and sisters of a decedent can be included within the pertinent statutory phrase when a wrongful death action is brought and the circumstances include them within the class of persons who may share in the intestate distribution of the decedent's estate.

To resolve the issue in this appeal we must decide whether, despite what this court said in *Saffels v. Bennett*, supra, surviving brothers and sisters may be included among those persons for whose benefit a wrongful death action is brought. If so, they have an opportunity to establish their respective damages in accordance with § 1–38–102(c), W.S.1977 (Cum.Supp. 1983). The appellant contends vigorously that the legislature did not intend to foreclose such persons from being included among those persons for whose benefit the wrongful death action is brought. The appellees point to the language of *Saffels v. Bennett* and their interpretation of the statutory history relating to this subject, and urge the propriety of the district court's decision.

The material facts are not complex. Daniel Ray Wetering was killed as a result of injuries sustained in a collision between his motorcycle and a school bus. He was not married and had no children. He was survived by his father, mother, four sisters and a brother. His father, Darel Lloyd Wetering, was appointed administrator of his estate. Section 2–1–301(a) (xxviii), W.S. 1977 (July 1980 Rev.), identifies an administrator as a "personal representative."

The administrator, appellant here, commenced a wrongful death action against the school bus driver and the school district under the authority of § 1–38–101, W.S. 1977 (Cum.Supp.1983). In his complaint the administrator included the surviving brother and four sisters of the decedent among the persons for whose benefit the action was brought. A motion was filed by the defendants, appellees here, to strike those portions of the complaint which purported to include the surviving brother and sisters among those persons for whose benefit the action was brought. In support of the motion, reliance was placed upon our decision in *Saffels v. Bennett*, supra. The district court granted the motion to strike. In his decision letter the judge said:

"The defendant's motion to strike from paragraph 2 of the complaint the subparagraphs (c), (d), (e), (f), and (g), and the language 'with the exception of Catherine Ann Hintz, a sister, who resides at 229 Jacolyn Drive N.W., Cedar Rapids, Iowa,' is granted on the grounds and for the reasons that the Court feels compelled to hold, and does hold, that brothers and sisters are not persons entitled to recover damages under the Wyoming Wrongful Death Statute. The Court believes that this result is compelled by the Supreme Court's Opinion in *Saffels v. Bennett*, 630 P.2d 505 (Wyo.1981). Were it not for this case, which seems to compel this holding, this Court would be inclined to construe the amendment of the Wyoming Statutes to hold that the deletion of the words, 'brother, sister, or child or children of a deceased child' related only to that section holding that no debt of the deceased may be satisfied out of the proceeds of any judgment, but did not restrict those persons entitled to inherit as heirs at law of a decedent from proving their damages, if any, upon the wrongful death of the decedent. * * * *"

An order consistent with the district court's decision letter was entered, but the order specifically provided:

"* * * pursuant to Rule 54(b) of the Wyoming Rules of Civil Procedure that the Court herein has made a determination that there is no just reason for delay and hereby expressly directs that as to the claim of the 'brothers and sisters' herein, this Order is a final Order and Judgment of the Court and hereby di-

rects an entry be made in accordance herewith."

A timely appeal was taken by the administrator from the court's order. The case presented to us upon appeal involves the identical problem addressed by the district court. In addition, we must address the question of the jurisdiction of this court and justify proceeding to decide the appeal on its merits.

We are concerned about our jurisdiction to dispose of this appeal on the merits because it is taken from an order purporting to grant in part a motion to strike. Ordinarily such an order would lack the requisite finality for purposes of appeal. See Annotation 1 A.L.R.2d 422 (1948), and the cases there cited. We do have an obligation to determine whether the jurisdiction of this court has been properly invoked. *Board of Trustees of University of Wyoming v. Bell*, Wyo., 662 P.2d 410 (1983); and *Harrington v. Hoyt*, Wyo., 648 P.2d 556 (1982). The usual rule provides that only final orders and judgments are appealable. *2–H Ranch Company, Inc. v. Simmons*, Wyo., 658 P.2d 68 (1983). "A final order is: (1) an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment." Rule 1.05, W.R. A.P.

■ Rule 12(f), W.R.C.P., provides for motions to strike as follows:

"(f) *Motion to strike.*—Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The purpose of a motion to strike is specific, and it should not be invoked to obtain the dismissal of all or part of a complaint for failure to state a claim upon which relief may be granted. Further it is not intended to be a substitute for a motion for judgment on the pleadings. Cf., Rules 12(b)(6) and 12(c), W.R.C.P. In 5 Wright and Miller, Federal Practice and Procedure § 1380, pp. 782–783 (1969), the proposition is addressed in this way:

" * * * [A motion to strike] is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint, or a counterclaim, or to strike affidavits. But as is true in other contexts, the technical name given to a motion challenging a pleading is of little importance inasmuch as prejudice hardly can result from treating a motion that has been inaccurately denominated a motion to strike as a motion to dismiss the complaint. * * * "

Rule 12(f), W.R.C.P., is identical to Rule 12(f), F.R.C.P., and federal authorities interpreting the rule are highly persuasive. *Robertson v. TWP, Inc.*, Wyo., 656 P.2d 547 (1983). In the federal courts motions to strike, which, when granted, have the effect of dismissing all or part of an asserted claim, are treated as brought under Rule 12(b)(6), F.R.C.P., which authorizes the dismissal of all or part of a complaint for failure to allege a claim upon which relief can be granted. *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692 (8th Cir.1979); *Bertucelli v. Carreras*, 467 F.2d 214 (9th Cir.1972); *Commercial Union Insurance Company v. Upjohn Company*, 409 F.Supp. 453 (W.D.La.1976); *Cash v. Frederick & Company, Inc.*, 57 F.R.D. 71 (E.D. Wis.1972); and 5 Wright and Miller, supra, § 1380 at 783, n. 82. This court has affirmed an order striking a claim from a complaint, in effect treating the order as a dismissal for failure to allege a claim upon which relief could be granted. *Parsons v. Roussalis*, Wyo., 488 P.2d 1050 (1971). See also *Lafferty v. Nickel*, Wyo., 663 P.2d 168 (1983) (motion for summary judgment without supporting materials treated as a motion for dismissal under Rule 12(b)(6) or as a motion for judgment on the pleadings under Rule 12(c)).

■ In this case the trial court ruled that surviving brothers and sisters are not

beneficiaries under our wrongful death act. We conclude that the order of the trial court was a final order because it did have the effect of foreclosing the brother and sisters from participation in the action and from any recovery from wrongful death as a matter of law. While the wrongful death claim is held by the personal representative in a fiduciary capacity for those persons for whose benefit it is brought, it does appear that each of them has a separate stake in the proceeding because of the provisions of § 1–38–102(c), W.S.1977 (Cum. Supp.1983), providing that the court or jury may award to each such person the amount of damages to which it considers the person entitled. In this case the order of the district court adversely determined the rights of the brother and sisters to such awards by the jury, even though the cause of action brought by the personal representative continued for the benefit of others. The trial court properly determined under Rule 54(b), W.R.C.P., that the effect of its order was to make a complete and final disposition of the claims for damages of some but not all of the parties for the benefit of whom the action was brought, and there was no abuse of discretion in certifying that there was no just reason for delay and providing for the entry of a final judgment. See *Griffin v. Bethesda Foundation*, Wyo., 609 P.2d 459 (1980); *Butts v. Gierse*, Wyo., 573 P.2d 1365 (1978); and 10 Wright, Miller & King, Federal Practice and Procedure § 2655 (1983).

Satisfied that we do have jurisdiction to consider this appeal on its merits, we turn to the substantive issue argued by the parties. They agree that the court must construe the language of § 1–38–102, W.S. 1977 (Cum.Supp.1983), which provides:

"(a) Every such action shall be brought by and in the name of the personal representative of the deceased person.

"(b) If the deceased left a husband, wife, child, father or mother, no debt of the deceased may be satisfied out of the proceeds of any judgment obtained in any action brought under the provisions of this section.

"(c) The court or jury, as the case may be, in every such action may award such damages, pecuniary and exemplary, as shall be deemed fair and just. Every person for whose benefit such action is brought may prove his respective damages, and the court or jury may award such person that amount of damages to which it considers such person entitled, including damages for loss of probable future companionship, society and comfort.

"(d) Every such action shall be commenced within two (2) years after the death of the deceased person."

In *Jordan v. Delta Drilling Company*, Wyo., 541 P.2d 39, 78 A.L.R.3d 1215 (1975); and *Saffels v. Bennett*, supra, the court addressed the same question. It now appears that the court overwrote in both instances, and created an impression of its interpretation of this statute which is not acceptable to a majority of the court. The holdings of those respective cases are satisfactory under a strict concept of ratio decidendi. In *Jordan v. Delta Drilling Company*, supra, the court held that an acknowledged child whose parents had not married could recover her respective damages for the wrongful death of her father. The dictum in that opinion, however, indicated that the persons who could participate in such a wrongful death action constituted a very broad category. In *Saffels v. Bennett*, supra, the court held that an ex-wife who was entitled to alimony for a period of years was not within the category of persons for whose benefit such an action could be brought. The dictum in that case indicated that those persons for whose benefit the action was brought would be limited to spouses, children, and parents. While both cases purport to deal with the issue here neither is determinative.

The disparity in this court's opinions in *Saffels v. Bennett*, supra, and *Jordan v. Delta Drilling Company*, supra, manifests an ambiguity which justifies interpretation of the statute. In interpreting the statute we must ascertain the legislative intent with respect to those persons who may

benefit from a recovery in a wrongful death action. To the extent possible we must do this from the plain language of the statute prior to resorting to any rules of construction. We are not permitted to rewrite the statute or supply omitted provisions under the guise of interpretation. *Matter of Adoption of Voss*, Wyo., 550 P.2d 481 (1976); *Lo Sasso v. Braun*, Wyo., 386 P.2d 630 (1963); and *Ward v. Yoder*, Wyo., 355 P.2d 371, reh. denied 357 P.2d 180 (1960). We are required to give effect to every part of a statute. *Haddenham v. City of Laramie*, Wyo., 648 P.2d 551 (1982); *DeHerrera v. Herrera*, Wyo., 565 P.2d 479 (1977). We also must consider other statutes dealing with the same subject matter. *Kamp v. Kamp*, Wyo., 640 P.2d 48 (1982); *Department of Revenue and Taxation v. Irvine*, Wyo., 589 P.2d 1295 (1979); *Johnson v. Safeway Stores, Inc.*, Wyo., 568 P.2d 908 (1977); *In re Adoption of Female Child X*, Wyo., 537 P.2d 719 (1975); *Kuntz v. Kinne*, Wyo., 395 P.2d 286 (1964); and *Woolley v. State Highway Commission*, Wyo., 387 P.2d 667 (1963).

The wrongful death statute, § 1–38–101, W.S.1977 (Cum.Supp.1983), provides as follows:

> "Whenever the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action to recover damages if death had not ensued, the person who would have been liable if death had not ensued is liable in an action for damages, even though the death was caused under circumstances as amount in law to murder in the first or second degree, or manslaughter. If the person liable dies, the action may be brought against the executor or administrator of his estate. If he left no estate within the state of Wyoming, the court may appoint an administrator upon application."

The statute does not identify those persons on behalf of whom the wrongful death action may be brought. That aspect of the statute was deleted in 1973. See *Saffels v. Bennett*, supra.

We do know that it is to be brought in the name of the personal representative, § 1–38–102(a), W.S.1977 (Cum.Supp.1983). We also know that "every person for whose benefit such action is brought may prove his respective damages." § 1–38–102(d), W.S.1977 (Cum.Supp.1983). In addition we know that at one time these provisions were included in the probate code, and although subsequently renumbered the legislation which accomplished the renumbering did not manifest any purpose to eliminate these provisions from the probate code. See *Saffels v. Bennett*, supra.

Relying upon *Saffels v. Bennett*, supra, the contention of the appellees is that those persons for whose benefit the action is brought must be ascertained by reference to § 1–38–102(b), W.S.1977 (Cum.Supp. 1983). The appellees note the language in *Saffels v. Bennett*, supra, to the effect that the words "brother, sister, or child or children of a deceased child" were deleted from subsection (b) of the act in committee when the statute was adopted in 1973. The argument is that this history manifests a legislative intent to limit recovery to those expressly mentioned in that subsection to the exclusion of all others. This argument would exclude other heirs at law who were allowed to recover for wrongful death prior to the 1973 amendment of the statute. Section 1–1066, W.S.1957; and *Tuttle v. Short*, 42 Wyo. 1, 288 P. 524, 70 A.L.R. 106 (1930).

Appellant prefers the view of the court as articulated in *Jordan v. Delta Drilling Company*, supra, for obvious reasons. He contends that the manifest purpose of the 1973 amendment was to permit individual persons to prove their respective damages and to receive, in distribution of the estate, the amount awarded to them by the judge or jury rather than a pro rata share of a lump sum as the prior statute provided. In making this argument the appellant, of course, urges that the purpose of § 1–38–102(b), W.S.1977 (Cum.Supp.1983), was not to limit the class of persons for whose benefit the action is brought, but simply to

allow debts of the decedent to be paid out of the proceeds of judgments to persons other than spouses, children or parents.

When the legislature adopts a statute it is presumed to have done so with full knowledge of the existing state of law with reference to the subject matter of the statute. *Brittain v. Booth,* Wyo., 601 P.2d 532 (1979); *White v. Board of Land Commissioners,* Wyo., 595 P.2d 76 (1979); and *Matter of Adoption of Voss,* supra. In this latter case we said:

" * * * All statutes are presumed to be enacted by the legislature with full knowledge of the existing state of law with reference thereto and statutes are therefore to be construed in harmony with the existing law, and as part of an overall and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and constitution, but also with reference to the decisions of the courts. * * * " 550 P.2d at 486.

As we have noted, prior to the 1973 amendment the statute stated that the statute providing for distribution of personal estates of persons dying intestate should be invoked for purposes of the wrongful death act. In *Tuttle v. Short,* supra, 42 Wyo. at 17, we observed that statutes like ours were patterned after Lord Campbell's Act, and they give rise to a new cause of action in the personal representative for the benefit of certain living relatives. The cause of action is not related to any cause of action held by the decedent at the time of his death. See also *Mull v. Wienbarg,* 66 Wyo. 410, 212 P.2d 380 (1949); *Coliseum Motor Co. v. Hester,* 43 Wyo. 298, 3 P.2d 105 (1931); and *Massion v. Mt. Sinai Congregation,* 40 Wyo. 297, 276 P. 930 (1929).

This well may be Lord Campbell's Act with which we are dealing. *Saffels v. Bennett,* supra. Whether Lord Campbell would recognize it as such is debatable. We are satisfied, however, that when the legislature dropped from the wrongful death act in 1973 the identification of those persons for whose benefit the action was

brought it must have assumed the application of the statute providing for intestate descent and distribution. In providing that no debt of the deceased could be satisfied out of the proceeds of any judgment if he left a husband, wife, child, father or mother, the legislature had to assume other judgments would be obtained out of which the debts of the decedent could be satisfied. The only proper way to effectuate that result is to treat the proceeds of the judgment as being subject to administration as part of the probate estate, but with special rules as to distribution.

This is clearly a different result than that which pertained prior to 1973 in which the judgment in a wrongful death action did not become a part of the decedent's estate and was not subject to debts or administration. *DeHerrera v. Herrera,* supra; and *Tuttle v. Short,* supra. We are, however, required to construe statutes so as to give force and effect to all the language used by the legislature so that no part of it will be superfluous or inoperative. *Haddenham v. City of Laramie,* supra; and *State Board of Equalization v. Cheyenne Newspapers, Inc.,* Wyo., 611 P.2d 805 (1980). We further must assume that the legislature did not intend futile acts and that its amendment of the statute indicated some change in the existing law was intended. *DeHerrera v. Herrera,* supra; *Jordan v. Delta Drilling Company,* supra; and *In re Kosmicki,* Wyo., 468 P.2d 818 (1970).

In light of this rationale we hold that in adopting § 1–38–102(c), W.S.1977 (Cum.Supp.1983), the legislature did not intend to change the persons for whose benefit an action in wrongful death could be maintained. Prior to the adoption of the statute in 1973 the decedent's heirs at law in accordance with the intestacy statutes were the intended beneficiaries of a wrongful death action. Section 1–1066, W.S.1957; *Booth v. Hackney,* supra; *Muir v. Haggerty,* 77 Wyo. 280, 314 P.2d 948 (1957); *Coliseum Motor Co. v. Hester,* supra, 3 P.2d at 112; and *Tuttle v. Short,* supra. Since no

**1062**

provision which has the effect of adjusting that rule can be found in the statute, the reference to every person for whose benefit such action is brought must continue to invoke the intestacy provisions of the probate code. The applicable provision in this instance is found in § 2–4–101, W.S.1977 (Cum.Supp.1983), as follows:

"(c) Except in cases above enumerated, the estate of any intestate shall descend and be distributed as follows:

\*    \*  ·    \*    \*    \*    \*

"(ii) If there are no children, nor their descendents, then to his father, mother, brothers and sisters, and to the descendents of brothers and sisters who are dead, the descendents collectively taking the share which their parents would have taken if living, in equal parts."

We now hold that the persons for whose benefit the action is brought are identified in the quoted provision of § 2–4–101, W.S.1977 (Cum.Supp.1983). This does include the surviving brother and sisters in this instance because the decedent did not leave a wife or children surviving. We further hold that the wrongful death action now is brought by the personal representative in his capacity as administrator of the decedent's estate. In this instance the judgment is not subject to payment of debts because of the specific provisions of § 1–38–102(b), W.S.1977 (Cum.Supp.1983), but if the decedent had left no father and mother surviving the proceeds of the judgment could be utilized to satisfy debts of the decedent. We further hold that distribution of the proceeds of the judgment is controlled by § 1–38–102(c), and not by § 2–4–101, W.S.1977 (Cum.Supp.1983), because the specific must govern over the general. To the extent that these conclusions are perceived as being inconsistent with language in either *Jordan v. Delta Drilling Company*, supra, and *Saffels v. Bennett*, supra, that language is disapproved.

The judgment of the district court is reversed and the case remanded for further proceedings consistent with this opinion.

ROONEY, Chief Justice, dissenting, with whom BROWN, Justice, joins.

I dissent. The proper holding and the better reasoning on the merit issue of this case is set forth in *Jordan v. Delta Drilling Company*, Wyo., 541 P.2d 39, 78 A.L. R.3d 1215 (1975), and *Saffels v. Bennett*, Wyo., 630 P.2d 505 (1981). I would not overrule those cases and would determine the issue in this case on the basis of the precedent and reasoning contained in them. I would affirm.