70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles BREWER; Cecile Brewer, Plaintiffs-Appellants,
v.
ENSERCH EXPLORATION, INC., a Delaware corporation; Ep
Operating Limited Partnership, Defendants-Appellees.
 No. 95-8026.
 United States Court of Appeals, Tenth Circuit.
 Nov. 14, 1995.
 
 1
 Before TACHA and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs-appellants Charles and Cecile Brewer appeal the district court's order dismissing their complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs brought this diversity action in federal district court against defendants-appellees Enserch Exploration, Inc. and EP Operating Limited Partnership, alleging that defendants' negligence caused an explosion at a well site, resulting in damages to plaintiffs in excess of $50,000.
 
 
 4
 According to the facts contained in plaintiffs' complaint, a crude oil treater exploded at a well site at which Mr. Brewer was working. The explosion fatally injured a company employee, Dickie Thompson. Mr. Brewer administered medical emergency procedures in an attempt to save Thompson's life, only to have the injured man die in his arms. Mr. Brewer claims that this experience caused damage to his digestive system, cleaning costs for the clothes he was wearing, and the infliction of "Posttraumatic Stress Disorder." Appellants' App. at 3. Mrs. Brewer asserts a derivative claim for loss of consortium.
 
 
 5
 "The sufficiency of a complaint is a question of law which we review de novo. Accordingly, we apply the same scrutiny to the complaint as did the trial court." Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir.), cert. denied, 115 S.Ct. 107 (1994) (citations omitted). We will uphold the dismissal of a complaint for failure to state a claim when it appears that the plaintiff can prove no set of facts which would entitle him or her to the requested relief. Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir.1994). We confine our review to the sufficiency of the allegations contained in the complaint, Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993), accepting " 'all the well-pleaded allegations of the complaint as true and [construing] them in the light most favorable to the plaintiff,' " Mascheroni v. Board of Regents, 28 F.3d 1554, 1560 (10th Cir.1994)(quoting Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991)).
 
 
 6
 The district court granted defendants' motion to dismiss, holding that Mr. Brewer could prove no set of facts which would entitle him to relief. The court dismissed Mrs. Brewer's claim for loss of consortium as derivative of the claims of her husband. See Boehm v. Cody Country Chamber of Commerce, 748 P.2d 704, 708 (Wyo.1987)(holding loss of consortium claim fails with husband's claims).
 
 
 7
 The district court held that a cause of action for the negligent infliction of emotional distress is unavailable to Mr. Brewer under Wyoming law. The court held that Mr. Brewer's reliance on the holding in Gates v. Richardson, 719 P.2d 193 (Wyo.1986), and in Dillon v. Legg, 441 P.2d 912 (Cal.1968), relied on by the Gates court, was misplaced. In Gates, the Wyoming Supreme Court held that the tort of negligent infliction of emotional distress is actionable in Wyoming, 719 P.2d at 198, but is limited to those plaintiffs--spouses, children, parents, or siblings of the harmed loved one--who could recover under Wyoming's wrongful death statute. Id. at 199; see also Wetering v. Eisele, 682 P.2d 1055, 1061-62 (Wyo.1984)(interpreting Wyoming's wrongful death statute, Wyo. Stat. 1-38-102). Mr. Brewer asserted no such degree of kinship to Dickie Thompson.
 
 
 8
 At the hearing on this matter, Mr. Brewer contended that his claim did not emanate from the negligent infliction of emotional distress cause of action recognized by the Gates court, but from his perception that the Gates opinion created an exception for plaintiffs who were within the "zone of danger." Appellees' App. at 37. He argued that even though this claim was not specifically pled, the court should infer that he was claiming a "zone of danger" cause of action because everyone on a well site when a treater explodes is in the "zone of danger" and is under a "threat of impact." Id. at 40-41; see Gates, 719 P.2d at 195 (discussing the "zone of danger" and "impact" causes of action).
 
 
 9
 The district court, recognizing that a Rule 12(b)(6) dismissal is a harsh result which should not be granted without serious consideration, Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1359 (10th Cir.1989), agreed to carefully consider Mr. Brewer's claim that an independent cause of action could be inferred from the facts in the complaint. Appellees' App. at 57. However, in its order the court subsequently rejected his argument that the Gates court sanctioned an alternative cause of action if a plaintiff was within the zone of danger, absent any "causal link to an actual or threatened physical impact." Id. at 20. The court further concluded that even if it were to infer that Mr. Brewer was pleading a zone of danger theory, he had never alleged that his claimed injuries were a result of an impact or threatened impact from the explosion. On the contrary, Mr. Brewer continued to admit at every opportunity that his injuries resulted from the traumatic experience of watching Thompson die.
 
 
 10
 On appeal, it appears that Mr. Brewer has abandoned his argument asserting a cause of action flowing from the court's holding in Gates, and, citing no other authority, asserts a cause of action based on the Restatement (Second) of Torts. This claim also was not asserted in his complaint or amended complaint. See Doyle, 998 F.2d at 1566 (holding that review of a Rule 12(b)(6) dismissal is limited to the four corners of the complaint). In addition, it does not appear that Mr. Brewer raised this argument in this form in the district court. Therefore, we will not consider the argument on appeal. See Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir.1992)(as a general rule, appellate court will not consider issues on appeal not raised below).
 
 
 11
 Wyoming does not permit a cause of action for negligent infliction of emotional distress absent a degree of kinship which would allow a claim under Wyoming wrongful death statutes. See Gates, 719 P.2d at 198-99. Mr. Brewer has never linked his injuries to anything other than the trauma of witnessing Thompson's injuries and death. "While we do not expect everyone to easily overcome the sight of violent injury or death to a loved one, we expect them to cope with the sight of violent injury or death to acquaintances or strangers." Id. at 198. Mr. Brewer has never alleged that his relationship to Thompson was anything more than that between acquaintances or strangers. Therefore, we agree with the district court that Mr. Brewer failed to state a cause of action which is legally cognizable under Wyoming law.[2]
 
 
 12
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In the early stages of this appeal, appellees filed a motion for sanctions based on the failure of plaintiffs' counsel to comply with various appellate rules. It appears that counsel has subsequently complied with the rules violated, and therefore, appellees' motion for sanctions is denied as moot