[File No. 7297]

A. E. REICH, Appellant, v. DIETZ SCHOOL DISTRICT NO. 16 of GRANT COUNTY, North Dakota, a public corporation, Respondent.

(55 NW2d 638)

262

Opinion filed November 21, 1952

R. J. Blodeau, for appellant.
R. G. Beede, and Strutz, Jansonius & Fleck for respondent.

SATHRE, J. This is an action brought by the plaintiff A. E. Reich, against Dietz School District of which he is a resident, to recover compensation for transporting his own children to the district school during the school years of 1949–1950 and 1950–1951. The complaint alleges that the school district furnished bus transportation to all of the children in the district of school age, except the children of the plaintiff; that during the school year of 1949–1950 he had one child of school age, and during the school year of 1950–1951 he had two children of school age; that no school was taught in defendant school district within two miles from plaintiff's residence by the nearest route, and that neither of his said children had completed the eight grades; that he transported his said children to the consolidated school in said defendant school district in the village of Elgin during said school term, and that the distance from plaintiff's residence to said consolidated school by the nearest route was ten miles; that the defendant school district wrongfully discriminated against the plaintiff and his children by providing bus transportation for all other rural children in said district residing more than two miles from said school, but failed to furnish vehicular transportation for plaintiff's children; that plaintiff has repeatedly demanded payment for transportation of his said children to said school, but that his demands have been refused.

The complaint further alleges that during said school terms

plaintiff transported his children to and from said school for 296 days making the trip from his said residence to said school and returning home in the morning and making the same round trip in the afternoon in order to take his children to and from school each day; that the reasonable amount for the transportation the plaintiff has been required to furnish is $2400.00 for which sum judgment is demanded against the school district.

The answer admits that plaintiff transported his children to said school in defendant school district; that plaintiff resides but a few feet north of the south boundary of defendant school district and that plaintiff's residence is separated from said school district by an arm of the Cannon Ball River; that the distance from plaintiff's residence to the consolidated school, when said river cannot be crossed is 8.8 miles; the answer alleges further that the defendant has repeatedly attempted to make some arrangements with the plaintiff by which the demands of the plaintiff for transportation of his children to school could legally be satisfied and paid by the defendant, but that plaintiff has repeatedly refused all such proposed arrangements; that the defendant has, in its discretion and at its option, authorized the payment to plaintiff of the full amount allowed by law for transporting his children to said school in the Dietz School District; that defendant has offered such payment to the plaintiff, but that such payment has at all times been refused by the plaintiff; that no demand for any such payment, so authorized by the defendant and the school board of said school district, was made by the plaintiff or by the family entitled thereto before the close of the 1949–1950 and 1950–1951 school years; that the defendant has, nevertheless, ever since the close of the 1949–1950 and 1950–1951 school years been ready and willing and is still ready and willing to pay plaintiff the sum of ninety (90) cents per day for each day's attendance of plaintiff's children in said consolidated school in said Dietz School District during the 1949–1950 and 1950–1951 school years and terms.

Defendant then demands judgment for dismissal of the action.

A jury was impaneled and sworn to try the case, but at the close of the evidence when both sides had rested the defendant's counsel offered to confess judgment in favor of the plaintiff in

the sum of $294.00 being one dollar per day for each day plaintiff had transported his children to school. The plaintiff however contended that he was entitled to compensation on a quantum meruit basis under an implied contract with the school board, and that the issue was one of fact and should be submitted to the jury. The trial court held, however, that no issue of fact was involved; that under the evidence the plaintiff was entitled only to such compensation as is provided by law under the facts proved, and ordered judgment to be entered in accordance with defendant's offer and judgment was entered accordingly.

Plaintiff appealed from the judgment.

The facts are not seriously disputed and are substantially as follows:

The plaintiff resides in the southeast corner of the southeast quarter of section thirty-two, in Dietz School District number sixteen, Grant County. At a point near plaintiff's residence a bend of the Cannon Ball River enters the defendant school district from the south, winds around the residence of the plaintiff on the north side, then back across the section line into section four in the adjoining township. This bend covers about one acre in said section thirty-two upon which plaintiff resides. The distance from plaintiff's residence to the consolidated school in the village of Elgin in defendant School District number sixteen is about four and one-half miles, but because there is no bridge across the river at that point the plaintiff must drive over another route to take his children to school, a distance of nearly ten miles. The defendant school district furnished bus transportation to all of the children of school age in the district; and also offered to send a bus to the north side of the river immediately opposite plaintiff's residence. However, there was no bridge across the river at that point, and the plaintiff refused the offer. The defendant district also offered board and room for plaintiff's children which the plaintiff refused. The district later advertised for bids for transportation of plaintiff's children and received two bids; one from the plaintiff of $125.00 per month, and another bid from another party of $96.00 per month. These bids however were rejected by the school board.

Thereafter the defendant offered the plaintiff $85.00 per month to transport his own children and a neighbor's child, or $50.00 per month for transporting his own children, but the plaintiff refused both of these offers.

It is the contention of the plaintiff that the defendant school district having furnished bus transportation for some of the children in the district it was its duty to provide such transportation for all children in the district, and that the action of the board was arbitrary, discriminatory and contrary to law. The defendant school district contends, however, that under the provisions of section 15–3404 and 15–3405 NDRC 1943 it is discretionary with the school board to provide bus transportation, or pay patrons said compensation as is provided by section 15–3404.

Sections 15–3404 and 15–3405 NDRC 1943 are as follows:

"Transportation: Payment Optional with School Board; Schedule. The school board or board of education of any school district in the State, whether or not such school district contains a consolidated school, may pay, in its discretion, to each family living more than two miles from a school in the district which is taught the required length of time, a sum per day of each day's attendance of a child or children of such family, not including children in the high school department, when transported by a member of the family or by a conveyance furnished or paid for by the family or when the family has paid for lodging for the child, in proportion to the distance between the home of the family and the school, according to the following schedule:

| From 2 miles to 2¼ miles | 15¢ per day |
| . . . . . | |
| From 5¾ miles to 6 miles | 60¢ per day |
| Each ½ mile over 6 miles, the further sum of | 5¢ per day. |

"Such distance shall be measured by the nearest route from the front door of the schoolhouse to the front door of the family's residence according to the most convenient public course of travel. If payment is made in any district based on school attendance, such payment shall be in the amounts provided in this section, except in the case of a school which has been closed for lack of a sufficient number of pupils as provided in this title."

Section 15–3405 of the 1943 Revised Code of the State of North Dakota provides as follows:

"Vehicular Transportation, Lodging, or Tuition may be furnished at Option of the School Board. The school board or board of education of any school district in the state, in its discretion may furnish to each family living more than two miles from a school in the district which is taught the required length of time:

1. Vehicular transportation by public conveyance; or

2. The equivalent of the payments specified in Section 15–3404 in lodging or tuition at some other public school if the same is acceptable to the family.

The board shall not accord the benefits of either subsection 1 or subsection 2, of this section to any family which is receiving payment under section 15–3404."

The defendant contends that under the provisions of the statutes quoted the school board may in its discretion pay some patrons compensation for transportation according to the schedule provided by section 15–3404 and it may furnish other patrons vehicular transportation or its equivalent as provided by section 15–3405.

The plaintiff contends, however, that the school board must operate under only one of the two sections referred to, that is, if it furnishes vehicular transportation to some patrons under section 15–3405 it must furnish such transportation to all patrons entitled to compensation; and if payment is made under the schedule fixed by section 15–3404 on a mileage basis, all patrons entitled to compensation must be paid according to such schedule. In other words it is the contention of the plaintiff that the words *to each family* as used in sections 15–3404 and 15–3405, must be construed to mean *every family*, and that therefore the school board cannot pay transportation to some patrons of the district under section 15–3404 and furnish vehicular transportation or its equivalent to other patrons under section 15–3405, but that all patrons must be afforded the same kind of transportation compensation.

To this contention we cannot agree. Webster's International

Dictionary distinguishes between the words *each* and *every* as follows:

"As now used *each* generally implies reference to a definite number, group or series and emphasizes the consideration of them as individuals; *every* emphasizes the fact that all the individuals of a class or group are included whether definite or indefinite in number."

The word *each,* must be considered in its context and as used in the statutes quoted it cannot be given the construction contended for by the plaintiff. The last paragraph of section 15–3405 provides that "the board shall not accord the benefits of either subsection 1 or subsection 2 of this section to any family which is receiving payments under section 15–3404." It is clear therefore that construing sections 15–3404 and 15–3405 together the school board may in its discretion pay some patrons according to the number of miles traveled as provided by the schedule specified in section 15–3404, and furnish to other patrons vehicular transportation or its equivalent as provided by section 15–3405.

The plaintiff contends that having transported his own children he is not limited to the mileage provided by section 15–3404, but is entitled to the reasonable value of his services on the theory of an implied contract with the school district. In support of his contention he cites the case of Eastgate v. Osage School District, 41 ND 518, 171 NW 96. The decision in that case is not in point here. The law involved in that case, which has since been repealed, made it the mandatory duty of the school board to furnish conveyance to children of school age residing beyond a certain distance from the nearest school. It was held in that case that if the board failed to execute its mandatory duty the parent or guardian of such children could convey them to the nearest school and recover from the school district for such conveyance within the terms of the applicable statutes.

Another case cited by plaintiff is the case of Parrish v. Menz School District, 57 ND 616, 223 NW 693. In that case the school district had made arrangements to have plaintiff's children of school age sent to another district at a distance from their resi-

dence which under the laws then in force entitled the plaintiff to compensation for transportation not less than twenty-five cents nor more than fifty cents per day. The school board refused to make any payment and plaintiff brought suit. The district court entered judgment for the plaintiff at the rate of twenty-five cents per day and the judgment was affirmed on the ground that it was the duty of the school board under the law to furnish transportation or to compensate the parent furnishing the transportation at not less than the minimum allowed by law in force which was twenty-five cents per day.

It is established by the evidence that the plaintiff refused the several offers of the defendant school district under the provisions of Section 15–3405, NDRC 1943; instead he voluntarily transported his children to the district school. The fact that he transported his children to school did not under the law result in an implied contract with the school district for the reasonable value of his services. He can recover only such compensation as is provided by Section 15–3404, NDRC 1943, that is, sixty cents for six miles and five cents for each one-half mile over six miles. It is admitted that the distance from plaintiff's residence to the consolidated school of the district is approximately ten miles which would entitle him to one dollar per day for the two hundred ninety-four days he transported his children during the school years involved. Under the evidence and the state of the record there was no question of fact presented for submission to the jury. The trial court properly ordered judgment in accordance with the offer of the defendant.

The judgment is affirmed.

MORRIS, C. J., and CHRISTIANSON, BURKE and GRIMSON, JJ., concur.