STATE EX REL. PIERCE, Relator, vs. KUNDERT, County Clerk, and another, Respondents.

*May 6—June 3, 1958.*

393

The cause was submitted for the relator on the briefs of *John P. Derning* of Brodhead, and *Bruce M. Blum* of Monroe, and for the respondents on the brief of *Franz W. Brand* of Monroe, for Ray E. Kundert and Ralph J. Kundert, and *Randal J. Elmer* and *R. P. Regez,* both of Monroe, for Marshall L. Peterson.

A brief was filed by the *Attorney General* and *John E. Armstrong,* assistant attorney general, pursuant to sec. 269.56 (11), Stats.

BROADFOOT, J. The constitutional provisions for the judiciary are contained in art. VII. Sec. 2 thereof vests the judicial powers of the state in a supreme court, circuit courts, courts of probate, and in justices of the peace. Provision is also made therein for the establishment of such municipal and inferior courts in the several counties as may be deemed necessary. Sec. 5 divides the state into five circuits. Sec. 6 provides that additional circuits may be established and in case of an increase the judge or judges shall be elected as provided in the constitution and receive a salary of not less than that provided in said article for the judges of the circuit court. Sec. 7 provides that every circuit judge shall hold his office for such term and receive such compensation as the legislature shall prescribe. Sec. 8 vests the circuit courts with jurisdiction. In commenting on said section in *State ex rel. Tewalt v. Pollard,* 112 Wis. 232, 235, 87 N. W. 1107, this court said:

"This grant of power was said by this court at an early day to vest the circuit court with 'greater powers than were probably ever before in a free government delegated to any one tribunal,—the united powers of the English King's

Bench, common pleas, exchequer, and chancery.' *Putnam v. Sweet,* 2 Pin. 302. See, also, *State ex rel. Att'y Gen. v. Portage City W. Co.* 107 Wis. 441."

Sec. 10, art. VII, provides that each judge of a circuit court shall receive a salary to be fixed by the legislature of not less than $1,500 annually.

Collectively these provisions show the purpose of the framers of the constitution to provide a system of circuit courts with uniform jurisdiction, compensation, and term of office, with salaries to be paid by the state. Sec. 7, art. VII, states that *every* circuit judge shall hold his office for such term and receive such compensation as the legislature shall prescribe. Sec. 10 states that *each* of the judges of the circuit courts shall receive a salary fixed by the legislature. The word "every" means each (individual or part) of a class or group whether definite or indefinite in number, without exception. (Webster's New International Dictionary (2d ed.), unabridged.) As used in art. VII the word "each" is synonymous with "every."

The term of office of every circuit judge has been uniformly fixed by the legislature at six years. With the exceptions hereinafter noted the legislature has fixed uniform salaries for every circuit judge elected after a definite date. Sec. 20.930 (1) (a), Stats., provides in part as follows:

"The annual salary for each of the following positions shall be as follows:
"...                                                      Salary

"14 . . . Circuit judge (terms commencing June 1, 1955, and thereafter) ................ 12,000"

Sec. 252.016 (3), Stats., refers only to circuit judges in Milwaukee county and provides that the county *shall* pay to each such judge a salary of $1,000 per annum and *may* pay to each such judge an additional $1,000 per annum plus any amount paid him by authority of sec. 252.071. The last-numbered section provides that in every judicial circuit each

county thereof may pay to each circuit judge of the circuit a sum which shall not exceed in the aggregate $2,000 for the entire circuit. Sec. 252.072 says that no salary shall be paid a circuit judge except as provided in secs. 20.930, 252.016, and 252.071.

By ch. 317, Laws of 1957, the legislature fixed the term of the first circuit judge of the Twenty-third judicial circuit at less than four years. In the act the salary of the circuit judge is set at the sum of $10,000 per year and provision is made that the entire salary be paid by Green county.

The defendants argue that the salary need not be uniform and that the legislature may require counties to pay any or all of the salary of a circuit judge. They call our attention to *Milwaukee County v. Halsey,* 149 Wis. 82, 136 N. W. 139, and *Petition of Breidenbach,* 214 Wis. 54, 252 N. W. 366. In the *Halsey Case* the court was dealing with the compulsory payment by Milwaukee county of the sum of $1,000 per annum to each circuit judge in Milwaukee county. In the *Breidenbach Case* the court was dealing with the optional provisions for additional compensation to be paid by Milwaukee county. The cases held that circuit judges are state officers and that the additional compensation was based upon a lawful classification—that of population. In addition thereto recognition was given to the high assessed valuation of the property in Milwaukee county and the extensive amount of litigation arising therein.

In the act before us no attempt was made to classify the counties in the state, and there is nothing in the record that indicates Green county could be singled out from all of the counties in the state by means of any unusual or distinguishing circumstances that would warrant a separate classification for such county. The provisions for the shorter term of office, for the lesser salary, and for the payment thereof by the county violate the provisions of art. VII and the act is therefore unconstitutional.

The act further attempted to create sec. 8.025, Stats., and contains a provision that the circuit judge elected on the first Tuesday of April, 1958, shall receive a salary of $1,500 per year so long as another individual is serving as the previously elected county judge of Green county. This provision, if valid, would do indirectly what could not be done directly, and give the electors of Green county the privilege of voting for only one candidate. If a lawful circuit court is established for Green county no doubt several lawyers therein would want to run for the office. By fixing the salary at $1,500 per year those prospective candidates were effectively eliminated and the provision amounts to a legislative appointment of the circuit judge. Because that provision in effect deprives qualified candidates from running for the office and deprives the electors of Green county of a free choice of candidates, the act is unconstitutional.

Several further objections are made to the constitutionality of the act in the complaint herein. Since we have determined that the act is unconstitutional it is unnecessary to lengthen this opinion by discussing each point in detail.

In our consideration of this case we have borne in mind the well-established rules that an act of the legislature is presumed to be constitutional, that the burden of establishing the unconstitutionality of the act is on the person attacking it, and that it will be held unconstitutional only if it appears so beyond a reasonable doubt. With all respect to those rules, and with a deep appreciation of the powers of the legislature, we are compelled to find that the statute enacted is violative of the provisions of art. VII of the constitution.

*By the Court.*—It is considered, ordered, and adjudged that ch. 317, Laws of 1957, is unconstitutional. The defendant Marshall L. Peterson has no right to the office of circuit judge of Green county by virtue of said act and he is enjoined from exercising the functions and duties of said office. Ralph J. Kundert, treasurer of Green county, is enjoined from pay-

ing any salaries or expenses under the provisions of said act out of the funds of Green county.

FAIRCHILD, J. (*concurring*). I agree with the conclusion that ch. 317, Laws of 1957, is unconstitutional for the reasons set forth in the opinion by Mr. Justice BROADFOOT on behalf of the court.

In my opinion there is one additional ground upon which that act is repugnant to the constitution of Wisconsin. It is that the act would deprive the electors of Green county of the right to vote separately for two offices.

Under sec. 2, art. VII, the circuit court and the county court are separate courts. There must be circuit courts, and in addition, there must be either probate courts or some inferior court created by the legislature, with probate powers, pursuant to sec. 14, art. VII. The county court is such inferior court. Sec. 8, art. VII, confers upon the circuit court "appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same."

The necessary implication is that the office of circuit judge and the office of county judge must, by virtue of these constitutional provisions, be separate offices. If one individual were to be elected both county judge and circuit judge or, for that matter, both circuit judge and a justice of the supreme court, one might well ask the question whether the two offices are so incompatible that one individual could not hold both offices even though elected by the people. In the matter before us, however, we have an even more-challenging question in that ch. 317, Laws of 1957, would require that after January 1, 1962, both offices shall be held by the same individual and would prevent the voters voting separately for the two offices.

There is no provision of the constitution which in so many words prohibits the legislature from providing that two separate constitutional offices must be occupied by the same in-

dividual. Nevertheless, this provision seems to me to do very substantial violence to the framework of government created by the present constitution. One might ask whether, if the legislature saw fit, it would have the power to provide that the offices of lieutenant governor and secretary of state or some other combination of offices must be held by the same individual. It would seem that the constitution, by making specific provision for separate offices, implies that the legislature cannot combine them into one office.

I am mindful of the fact that a great effort has been made to reorganize the courts of Wisconsin and that the proposal agreed to by the 1955 legislature, but to which the 1957 legislature declined to agree, would have provided for the circuit courts as the only kind of trial court except justices of the peace. Joint Resolution No. 51, 1955. That change was to be accomplished by constitutional amendment, erasing all distinctions between trial courts. In the instant act the courts would have remained separate, but the two positions as judge would have been combined virtually into one. Desirable as the single type of trial court may be, it cannot be accomplished either completely, or, in my opinion, to the extent of the makeshift which is before us, as long as the constitution is in its present form.

I am authorized to state that Mr. Justice HALLOWS joins in this concurring opinion.