**Minerva Gertrude SAFFELS, as an individual, Appellant (Plaintiff),**

**Frances M. Saffels, Individually, as Personal Representative of the Estate of Loren Harold Saffels, and as Guardian of the Persons and Estates of Heidi A. Kornegay and Shawn L. Kornegay, minors (Plaintiff),**

v.

**Jack BENNETT, Appellee (Defendant).**

No. 5434.

Supreme Court of Wyoming.

June 19, 1981.

---

Richard H. Peek, Casper, signed the brief and appeared in oral argument for appellant.

John C. Brooks of Vlastos & Reeves, P.C., Casper, signed the brief and appeared in oral argument for appellee.

Before ROSE, C.J., RAPER, THOMAS and ROONEY, JJ., and BROWN *, D.J.

* District Judge at time of oral argument when assigned upon recusal of McCLINTOCK, J., now retired. Justice of this court effective March 26, 1981.

ROONEY, Justice.

This is an appeal from a partial summary judgment in favor of appellee-defendant and against appellant-plaintiff Minerva Gertrude Saffels in a wrongful death action, the trial court having made an express determination pursuant to Rule 54(b), W.R. C.P. that there was no just reason for delay and that the partial summary judgment should be entered. The action was initiated by Frances M. Saffels, who was the wife of Loren Harold Saffels at the time he was killed in a two-automobile collision in which he was the driver of one automobile and appellee was the driver of the other one. Appellant is the ex-wife of Loren Harold Saffels and joined as plaintiff in the complaint.

Appellant words the issue on appeal as follows:

"With the Appellant being awarded alimony payments by the District Court in the State of Wyoming in the divorce action between the Appellant and the decedent, said alimony being at the rate of Three Hundred Dollars ($300.00) per month for a period of ten (10) years or until Appellant's death, and Appellant having lost that source of income that she was dependent upon because of the wrongful act of the Appellee causing the death of Loren Harold Saffels, the decedent, is the Appellant a proper party in the action filed under the authority of Section 1–38–102, Wyoming Statutes, 1977?"

We affirm the negative answer given to this question by the trial court.

Appellant was divorced from the decedent on April 20, 1978. There were no children from that marriage. The divorce decree directed payment of the alimony described in the issue here presented by appellant. The trial court found that the alimony ordered by that divorce decree terminated upon the death of the decedent. Implicit in this finding is a conclusion that the award was not a property settlement. *Warren v. Warren*, Wyo., 361 P.2d 525 (1961); *Estate of Kuhns v. Kuhns*, Alaska, 550 P.2d 816 (1976); *Ball v. Ball*, 183 Neb. 216, 159 N.W.2d 297 (1968); Annotation: "Death of husband as affecting alimony," 39 A.L.R.2d 1406 (1955); 24 Am.Jur.2d Divorce & Separation, § 642 (1966).

Appellant does not contend otherwise, but argues that the general rule terminating alimony upon death of the husband does not apply here because the legislature provided in § 1–38–102, W.S.1977, that "[e]very person for whose benefit" a wrongful death action is brought "may prove his respective damages." She contends that the use of these words in a 1973 amendment to this section authorized those other than an heir of the decedent to be a beneficiary of an action for wrongful death, and that she was a proper party in such action.

Prior to the 1973 amendment, the Wrongful Death Act provided:

" * * * Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof; then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to murder in the first or second degree, or manslaughter. Provided, that in the event of the death of the person so liable, such action may be brought against the executor or administrator of his estate; provided further, that if he left no estate within the State of Wyoming, the court may appoint an administrator upon application being made therefor." Section 1–1065, W.S.1957.

" * * * Every such action shall be brought by, and in the name of, the personal representative of such deceased person; and the amount received in every such action shall be distributed to the parties and in the proportions provided by law, in relation to the distribution of personal estates left by persons dying intes-

tate. In every such case, the jury shall give such damages as they shall deem fair and just. The court or jury may consider, as elements of damages, the amount the survivors failed or will fail, by reason of the death, to receive out of the decedent's earnings, any other pecuniary loss directly and proximately sustained by the survivors by reason of such death including funeral expenses, and further the court or jury may add, as an element of damage, a reasonable sum for the loss of the comfort, care, advice and society of the decedent. The amount so recovered shall not be subject to any debts or liabilities of the deceased; provided, that every such action shall be commenced within two (2) years after the death of such deceased person." Section 1–1066, W.S. 1957.

Former § 1–1066 of the act was changed in 1973 by Ch. 139, S.L. of Wyoming 1973, to read as follows:

"(a) Every action under section 1–1065 of the statutes shall be brought by, and in the name of, the personal representative of the deceased person.

"(b) If the deceased left a husband, wife, child, father, or mother, no debt of the deceased may be satisfied out of the proceeds of any judgment obtained in any action brought under the provisions of this section.

"(c) The court or jury, as the case may be, in every such action may award such damages, pecuniary and exemplary, as shall be deemed fair and just. Every person for whose benefit such action is brought, may prove his respective damages, and the court or jury may award such person that amount of damages to which it considers such person entitled, including damages for loss of probable future companionship, society and comfort.

"(d) Every such action shall be commenced within two years after the death of such deceased person."

During revision of the Civil Code in 1977, the legislature made minor wording changes in the act and renumbered it to §§ 1–38–101 and 1–38–102, W.S.1977.

When the Probate Code was revised and amended in 1980, the Wrongful Death Act was taken from the Code of Civil Procedure and made a part of the Probate Code as §§ 2–14–201 and 2–14–202, W.S.1977, 1980 Replacement. Again, only minor language changes were made. As changed, §§ 2–14–201 and 2–14–202 read:

"Whenever the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action to recover damages if death had not ensued, the person who would have been liable if death had not ensued is liable in an action for damages, even though the death was caused under circumstances as amount in law to murder in the first or second degree or manslaughter. If the person liable dies, the action may be brought against the personal representative of his estate. If he left no estate within the state of Wyoming, the court may appoint a personal representative upon application." Section 2–14–201.

"(a) Every such action shall be brought by and in the name of the personal representative of the deceased person.

"(b) If the decedent left a husband, wife, child, father or mother, no debt of the decedent may be satisfied out of the proceeds of any judgment obtained in any action brought under the provisions of this section.

"(c) The court or jury in the action may award such damages, pecuniary and exemplary, as it deems fair and just. Every person for whose benefit the action is brought may prove his respective damages and the court or jury may award the person that amount of damages to which it considers the person entitled, including damages for loss of probable future companionship, society and comfort.

"(d) Every such action shall be commenced within two (2) years after the death of the deceased person." Section 2–14–202.

The Probate Code became effective April 1, 1980, as provided in Ch. 54, § 4, S.L. of

Wyoming 1980. This action was filed April 23, 1980, and is therefore subject to the provisions of §§ 2–14–201 and 2–14–202, rather than § 1–38–102, as recited in the issue presented by appellant.

■ The basic purpose of the 1973 amendment is set forth in *Jordan v. Delta Drilling Company*, Wyo., 541 P.2d 39, 47 (1975), 78 A.L.R.3d 1215.

"*. * * The court or jury under the former practice returned a lump sum award. It was arbitrarily divided according to laws of intestacy without regard to the fact that one heir may have been entitled to more or less than the statutory share. The amendment permits each person claiming a loss to demand and prove his or her individual damage and recover, if shown to the court or jury to be fair and just."

The statute is specific in (1) the requirement that the action "shall be brought by and in the name of the personal representative of the deceased," and (2) the direction that "no debt of the deceased may be satisfied out of the proceeds of any judgment" if the decedent "left a husband, wife, child, father or mother."

Appellant is not the personal representative of the deceased and cannot satisfy that requirement of the statute in that respect.

■ Assuming arguendo that appellant is correct in her assertion that the obligation for payment of future alimony installments did not terminate upon the death of Loren Harold Saffels, the obligation would then be a debt which could not be satisfied out of the proceeds of a wrongful death judgment inasmuch as decedent left a wife surviving him.

Appellant points to the holding in *Jordan v. Delta Drilling Company*, supra, to support her contention that the language of the Wrongful Death Act is broad enough to allow her action. The *Jordan* case simply held that an illegitimate child was within the class of person for whom the action for wrongful death could be brought. The illegitimate child is a child within the words used in § 2–14–202(b), supra, and the intent to include an illegitimate child within those to be benefited by the act is there expressed. There is no such expression with reference to a divorced wife.

■ The legislative history of § 1–38–102(b) reflects the intention of the legislature to not stray from the traditional rule of beneficiary dependence to the extent propounded by appellant and suggested in the dissent hereto.[1] As originally introduced, subsection (b) provided:

"If the deceased left a husband, wife, child, father, mother, brother, sister, or child or children of a deceased child, no debt of the deceased may be satisfied out of the proceeds of any judgment obtained in any action brought under the provisions of this section."

The House Judiciary Committee recommended deletion of the words "brother, sister, or child or children of a deceased child," and the bill was so amended.

The legislative intention thus expressed was to limit the recipients of benefits to be derived from the statute.

■ Appellant has seized on the use of the words "every person" in § 2–14–202(c), supra, in an attempt to convince the court that such words are broad enough to include an ex-wife. In determining what "every person" means, we must refer to the entire enactment in consideration of the context in which these words are used.

In the same subsection in which the two words are used, recoverable damages are set out to include " * * * damages for loss of probable future companionship, society and comfort." The inclusion of these elements of damages seems to suggest that the legislature did not intend "every person" to include an ex-wife. It is difficult to believe that an ex-wife would suffer damage because of loss of companionship, society, or comfort. We must conclude there-

---

1. Legislative intent may be determined through legislative history. *Padilla v. State*, Wyo., 601 P.2d 189 (1979); *Matter of Adoption of Voss*, Wyo., 550 P.2d 481 (1976); *Town of Clearmont v. State Highway Commission*, Wyo., 357 P.2d 470 (1961).

fore that the words "every person" were intended to refer to a more restricted class of person than appellant contends.

"* * * The word 'every' means each (individual or part) of a *class or group* whether definite or indefinite in number, without exception. * * *" (Emphasis in original.) *State ex rel. Pierce v. Kundert*, 4 Wis.2d 392, 90 N.W.2d 628, 630 (1958).

"'* * * The word "every" emphasizes fact that all individuals of a *class or group* are included whether definite or indefinite in number.'" (Emphasis in original.) *Reich v. Dietz School Dist. No., 16 of Grant County*, 79 N.D. 261, 55 N.W.2d 638, 641, 642 (1952).

■ The words "every person" cannot be interpreted to have the effect of creating a new class of persons and a cause of action that did not previously exist. A more reasonable interpretation would seem to be that "every person" means all, each, every person within a class or group; the class or group being that class set out in the subsection. This class has heretofore had a cause of action under the Wrongful Death Act.

Former § 1–1066, W.S.1957, supra, forerunner of § 2–14–202, supra, clearly provided that an award be divided in accordance with the laws of intestacy. The class of persons entitled to recover was limited, definite and narrow. Appellant takes the words "every person" out of context and would have us believe that the use of these words in the amended act creates new classifications of persons who can recover under the Wrongful Death Act and creates innumerable new causes of action. Appellant urges this liberal interpretation even though the act does not mention any new class of persons who may recover nor does it provide any criteria or guidelines.

This is harmonious with our holding in *Jordan v. Delta Drilling Company*, supra. With respect to the issue in this case, *Jordan* merely held an illegitimate child was a child contemplated by § 2–14–202(b), supra, as entitled to recover, and further, that the damages were to be awarded as fair and just rather than be divided according to the laws of intestacy. New causes of action were not created and persons entitled to recover were not expanded by the amendment as suggested in *Jordan*. *Jordan* did not create a new class of persons entitled to recover but identifies another person within an existing class. To adopt appellant's theory ascribes a lot of magic to the words "every person." We would then be opening the floodgates to "imaginative and innovative claims" as suggested in *Jordan*, supra, 541 P.2d at 42.

If the words "every person" were interpreted to include all who have suffered damage, the list would be endless. A person may have his professional or business life invested in a partner and suffer great damages if his partner is wrongfully killed. An employer may have a large investment in a key employee. A university may be damaged by the wrongful death of a professor. Even the milkman or newsboy conceivably suffer damage upon the death of a customer. All of us suffer damage, even financial loss, because of the death of a close friend.

The legislature did not intend to add other classifications of persons who could recover under the Wrongful Death Act when the designation "every person" was used.

■ As we said in *Basin Electric Power Cooperative v. State Board of Control*, Wyo., 578 P.2d 557, 563 (1978):

"* * * In ascertaining legislative intent, we must look to the mischief the statute was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conclusions of the law and all other prior and contemporaneous facts and circumstances. *Carter v. Thompson Realty Co.*, 58 Wyo. 279, 131 P.2d 297."

The genesis of our wrongful death statute traces back to the passage of Lord Campbell's Act in England in 1846. The act was a reaction to the common-law rule which would not allow recovery for wrongful death. *Tuttle v. Short*, 42 Wyo. 1, 17, 288 P. 524, 529 (1930); 1 Speiser on Recovery for Wrongful Death (2d Ed.), §§ 1.8 and

1.9 (1975); 22 Am.Jur.2d Death, §§ 1 and 2 (1965); 3 Sutherland on Statutory Construction (4th Ed.), § 71.05 (1974). That much criticized rule made it more profitable for a defendant to kill the plaintiff than to injure him. Prosser on Torts (4th Ed.), § 127, p. 902 (1972); 1 Speiser, supra, § 1.5.

The English act was followed by enactments in the United States with the same general provisions and for the same general purposes.

Traditionally, statutes of this kind have always been for the benefit of surviving family or relatives of the decedent and the classes of beneficiaries are usually specifically restricted. 1 Speiser, supra, § 3.1; 2 Speiser on Recovery for Wrongful Death (2d Ed.), §§ 10.1 through 10.21 (1975); 22 Am.Jur.2d Death, §§ 12, 47 and 48 (1965); 25A C.J.S. Death, §§ 15 and 34(1) (1966); Prosser, supra, at p. 904; Annotation: "Right of action for wrongful death as subject to claims of creditors," 35 A.L.R.2d 1443 (1954); Annotation: "Brothers and Sisters of Deceased as Beneficiaries Within State Wrongful Death Statute," 31 A.L.R.3d 379 (1970).

> " * * * The general purpose of these statutes is to provide a remedy whereby the family or relatives of the deceased, who might naturally have expected maintenance or assistance from deceased had he lived, may recover compensation from the wrongdoer commensurate with the loss sustained." 25A C.J.S. Death § 15, p. 592 (1966).

■ The historical setting for the amendment of Wyoming's Wrongful Death Act, its purpose in distributing the recovered damages fairly and justly as proven rather than equally among heirs, and the language of the amended act itself do not reflect a legislative intent to create a new cause of action or to stray from the traditional rule of beneficiary dependence as propounded by appellant.

Affirmed.

RAPER, Justice, dissenting.

I am compelled to dissent since it is my view that appellant was clearly intended to be included within that class of individuals who may be made parties to a wrongful death action. I believe the focus of the majority opinion as well as the appellee's brief is wrong and that as a result both have mischaracterized appellant's claim.

More background and facts should be supplied in addition to those presented in the majority opinion. The wrongful death action filed in the district court was brought by Frances M. Saffels, wife of decedent at the time of his death, as personal representative of the estate of Loren Harold Saffels and as guardian of the persons and estates of Heidi and Shawn Kornegay, her children by a previous marriage, and Minerva Gertrude Saffels, the appellant here. The wife, the stepchildren and the divorced wife joined together in filing the action. While the title of the action is not proper in that it should have been brought solely in the name of the personal representative on behalf of all those entitled to recovery, § 2–14–202(a), W.S.1977, 1980 Replacement, that is only a formal defect. It is obvious from the allegations that it is a wrongful death action and that the appellant here is a person claiming to be one on whose behalf the action is brought. Section 2–14–202(c), W.S.1977, 1980 Replacement.

The material in the record discloses that appellant had been married to decedent for 21 years prior to their divorce. She is 78 years of age. He was married to his surviving widow, age 43, on September 2, 1978 and his date of death was March 27, 1979, approximately seven months later. He had not adopted the minor children of his widow, on whose behalf the action was also brought.

The motion for partial summary judgment was directed only to appellant and not the stepchildren for whom the decedent had no legal obligation of support. We need make no decision in that regard, but I note this as an incongruity of appellee's position.

Appellant, pursuant to a divorce action, was awarded alimony to be paid by the decedent Loren Harold Saffels. The award required the payment of $300 per month for

a period of ten years. Under the decree appellant was still entitled to payments totaling $33,750 at the time of her ex-husband's death. However, appellant acknowledges the right to alimony as far as the assets of his regular estate are concerned terminates upon the death of either party to the divorce. *Warren v. Warren*, Wyo., 361 P.2d 525 (1961).[1] Accordingly, appellant, as a divorced wife, does not have a claim against the estate which would entitle her to creditor status.

Nevertheless, appellant has been damaged by the negligence of appellee. She has lost her right to the continuation of her alimony payments from her deceased husband. Under § 2–14–202(c), W.S.1977, 1980 Replacement:

"* * * The qualifications of the person for whom recovery is sought are those which may establish to the jury an entitlement to a fair and just award of damages. No more. We cannot amend the law to add more than what is clearly said and enlarge, stretch, expand or extend a statute to matters not falling within its express provisions. [Citation.] The legislature, by amendment deleting any reference to the laws of distribution of a decedent's estate, has eliminated any question of a relationship between heirship and entitlement to damages. Generally, when the legislature, by amendment, has deleted an express provision of a statute, the presumption is that a change was

intended. [Citation.]" *Jordan v. Delta Drilling Company*, Wyo., 541 P.2d 39, 43 (1975), 78 A.L.R.3d 1215.

Appellant, therefore, has the qualification intended by the legislature to be a party to the wrongful death action, i. e. damages.[2] Her recovery of damages would not deprive the surviving wife of any damages, nor even the stepchildren in that damages to each are separately computed. We cannot deny that appellant is a "person" and that to be fair and just she has suffered a serious loss for which she should receive compensation from the tort-feasor, if fault can be established. The reason for not allowing a recovery of alimony from a deceased husband's estate does not exist as to a defendant tort-feasor, a stranger to the marital relationship terminated by divorce.

I disagree with the majority's position that § 2–14–202(b)[3] qualifies § 2–14–202(c)[4] by restricting recovery to "a husband, wife, child, father or mother." If that had been the legislative intent, it should have said so by inserting language correlating the two subsections. It did not. Subsection (c) says, *"[e]very person* for whose benefit the action is brought." It stretches credibility to even suggest that the divorced wife must seek damages "for loss of probable future companionship, society and comfort," as inferred by the majority. That applies only to those who suffer such loss. Here, the divorced wife seeks

1. Dicta in *Warren*, in that the husband was alive and court decided award to wife was a property settlement not alimony. Anno., 39 A.L.R.2d 1406, indicates this to be the majority view.

2. Alaska has a narrower statute requiring an individual to make a showing of dependency upon the decedent before being allowed as a party to a wrongful death action. However, the supreme court there ruled an ex-wife who received no alimony but irregular and voluntary sums from the decedent was a proper party to a wrongful death action. *Greer Tank & Welding, Inc. v. Boettger*, Alaska, 609 P.2d 548 (1980). Appellee feebly attempted to distinguish the case on the basis that in that case the payments were voluntary. However that distinction in fact indicates that the ex-wife here has a better claim.

3. Section 2–14–202(b), W.S.1977, 1980 Replacement:

"(b) If the decedent left a husband, wife, child, father or mother, no debt of the decedent may be satisfied out of the proceeds of any judgment obtained in any action brought under the provisions of this section."

4. Section 2–14–202(c), W.S.1977, 1980 Replacement:

"(c) The court or jury in the action may award such damages, pecuniary and exemplary, as it deems fair and just. *Every person* for whose benefit the action is brought *may prove his respective damages* and the court or jury may award the person that amount of damages to which it considers the person entitled, including damages for loss of probable future companionship, society and comfort." (Emphasis added.)

only the sum certain for support she has lost with the death of her former husband. The majority has loosely rewritten the statute. We must find legislative intent in the language used, not conjecture, *Mahoney v. L. L. Sheep Co.*, 79 Wyo. 293, 333 P.2d 712 (1958), nor should a statute be construed in such a way that one section destroys another, *DeHerrera v. Herrera*, Wyo., 565 P.2d 479 (1977).

We must understand that the "estate" concept that is utilized in a wrongful death action is an entirely different sort of creature than the probate estate which administers the worldly assets left by a decedent. As said in *DeHerrera v. Herrera, supra*:

" * * * It must be realized that the wrongful death statutes, §§ 1–1065 and 1–1066 [§§ 2–14–201 and 2–14–202, W.S. 1977 [5]], are not part of the probate code, though provision is made for the appointment of an administrator. The designation of an administrator as a trustee is only a device to provide a party to file suit and pay over any damages collected to the beneficiaries designated by statute. The amount recovered does not become a part of the decedent's estate and is not liable for debts of the estate or subject to estate administration. *Jordan v. Delta Drilling Company*, Wyo.1975, 541 P.2d 39, 42."

The very design of the Wyoming wrongful death statute is to look out for those dependent upon the decedent in some special sort of a way. The legislature was warned in *Jordan v. Delta Drilling Company, supra*, that:

" * * * We are not prepared to say what other classifications might be included, such as collateral relatives, stepchildren or partners of a decedent but we visualize, without invitation, that imaginative and innovative claims will be made under this amended version of the wrongful death law of Wyoming."

The legislature has not seen fit since then to narrow the scope by any language to exclude divorced wives claiming alimony ordered by court decree pursuant to § 20–2–114, W.S.1977. It appears, then, that the claim as to each "person" must be considered when raised as to whether he or she is included within the statute. It follows that appellant was a dependent of decedent and entitled to recover that which was taken from her, if appellee was negligent and his negligence caused the death.

I can agree that the purpose of the statute was to permit a remedy for those "who might naturally have expected maintenance or assistance from deceased had he lived * * * ." See majority opinion, citing and quoting from 25A C.J.S. Death § 15, p. 592. I would not preclude at this time recovery by a partner or key employee and perhaps others. The statute is broad enough to include those reasonably within its sweep. A jury will wash out silly claims. There is nothing unreasonable about appellant's claim.

Further, § 1–1–101, W.S.1977 provides that "The Code of Civil Procedure and all proceedings under it shall be liberally construed to promote its object and assist the parties in obtaining justice. * * * " The majority opinion does not follow this mandate. It instead attempts to niggardly construe the wrongful death statutes and retrench on previous case law which never considered a wrongful death action such as this under presently existing statutes, particularly Wyoming's. Such an approach is clearly legislative in nature, and one in which I am unwilling to join.

I would have reversed the district court and remanded for trial to include appellant's damages.

---

5. The physical placement of the wrongful death statutes in the "Wyoming Probate Code" does not change the concept expressed in this excerpt from *DeHerrera v. Herrera, supra*.