Judy BUTLER, Glenn Dodgion, Brian Lee Butler, Amanda Colleen Butler, and Kayla Dawn Butler, Appellants (Defendants),

v.

Jordan Jody HALSTEAD, a minor By and Through his next friend, guardian, conservator, and guardian ad litem, Alice Ione COLLEY, Appellee (Plaintiff).

No. 88–188.

Supreme Court of Wyoming.

March 17, 1989.

R.E. Rauchfuss, Beech Street Law Office, Casper, for appellants.

Jeffrey A. Tennyson, Daniel M. Hesse, and Robert N. Williams, Jackson, for appellee.

Before THOMAS, URBIGKIT, MACY and GOLDEN, JJ., and BROWN, J., Retired.

THOMAS, Justice.

■ The only question to be resolved in this case is whether a decedent's mother and siblings are included in the statutory phrase "every person for whose benefit such action is brought," found in § 1–38–102(c), W.S.1977, thus permitting them to join in an action for wrongful death, brought pursuant to § 1–38–101, W.S.1977, when the decedent leaves a surviving child. The district court, relying upon *Wetering v. Eisele*, 682 P.2d 1055 (Wyo.1984), ruled, in a declaratory judgment action, that the surviving child "is the only person for whose benefit an action can be brought for the wrongful death of the father * * *." We conclude that the determination of the district court is erroneous, and we reverse the Order and Judgment.

The appellants state the issues in their appeal in this way:

"1. Whether Jordan Jody Halstead is the only person for whose benefit an action can be brought for the wrongful death of Jody Glenn Dodgion.

"2. Whether Judy Butler, Bryan Lee Butler, Amanda Colleen Butler and Kayla Dawn Butler, the decedent's mother, brother and sisters, are retroactively precluded and barred from participating in the wrongful death action by the birth of an illegitimate child to the deceased six months after his death.

"3. Whether the trial court's decision violates the constitutional rights of the deceased and his mother, brother and sisters."

The brief on behalf of the appellee adjusts the issues, stating them as follows:

"1. Is the sole natural child of a decedent the only proper person for whose benefit a wrongful death action can be brought for the wrongful death of the decedent to the exclusion of the mother and half-siblings of the decedent.

"2. Did the appellants provide this court with a basis for deciding the constitutional issues raised in Appellants' brief when the issues have not been cogently or adequately argued or briefed on appeal or to the trial court.

"3. Did the Trial Court's decision to follow existing Wyoming law and preclude the half brothers and half sisters as well as the mother of the decedent from joining as claimants in a wrongful death action for the death of decedent with the decedent's son violate the constitutional rights of such persons."

Jody Glenn Dodgion, the decedent, died from injuries received in a motor vehicle accident. At the time of his death, he was survived by his mother, a half brother, and two half sisters. Subsequently, a baby boy was born to a girl who had enjoyed an intimate relationship with the decedent prior to his death. The parties do not question that the boy is the natural son of the decedent. A little more than seven months after the birth of the boy, a declaratory judgment action was commenced, by and through his next friend and guardian (appellee), seeking a determination by the court that he was the only person who could bring an action for the wrongful death of the decedent. The mother and siblings of the decedent (appellants) were the defendants in the declaratory judgment action.

The case came on before the district court upon the appellee's Motion for Summary Judgment, which the court granted. It concluded that there was no genuine issue of material fact and that the effect of this court's decision in *Wetering*, 682 P.2d 1055, was that if a child survives, that surviving child is the only person for whose benefit the wrongful death action authorized by § 1–38–101 may be brought. The trial court ruled that it was bound by the doctrine of stare decisis and that the mother and siblings would not be permitted to participate in the wrongful death action. There is no assertion that the mother of the surviving child should be included among those for whose benefit the action may be brought.

In *Wetering*, the court's opinion suggested that in *Jordan v. Delta Drilling Company*, 541 P.2d 39, 78 A.L.R.3d 1215 (Wyo. 1975), and *Saffels v. Bennett*, 630 P.2d 505 (Wyo.1981), the court may have written too much. It now appears that the same suggestion would pertain with respect to *Wetering*.

A brief summary may be in order. In all three cases, the court was analyzing the legislative adjustments which had been made to §§ 1–38–101 and 1–38–102. The effort was to determine, in the absence of any statutory indication, those persons who could participate in and benefit from an action for wrongful death. In *Jordan*, the court held that an acknowledged child whose parents had not been married could recover for the wrongful death of a father. In *Saffels*, the court held that an ex-wife could not. In *Wetering*, the court held that a brother and the sisters of the decedent could participate in the action when the decedent was survived by his father, mother, four sisters, and a brother. We quoted § 2–4–101(c) and said that the persons identified in the quoted provisions were among the persons for whose benefit the action could be brought. We went on to say in *Wetering*, 682 P.2d at 1062:

"* * * This does include the surviving brother and sisters in this instance because the decedent did not leave a wife or children surviving. We further hold that the wrongful death action now is brought by the personal representative in his capacity as administrator of the decedent's estate. In this instance the judgment is not subject to payment of debts because of the specific provisions of § 1–38–102(b), W.S.1977 (Cum.Supp. 1983), but if the decedent had left no father and mother surviving the proceeds of the judgment could be utilized to satis-

fy debts of the decedent. We further hold that distribution of the proceeds of the judgment is controlled by § 1–38–102(c), and not by § 2–4–101, W.S.1977 (Cum.Supp.1983), because the specific must govern over the general."

Section 2–4–101, W.S.1977, establishes the rules of intestate succession in Wyoming. The district court interpreted what was said in *Wetering* as limiting those who could participate in a wrongful death action to those who would be entitled to receive the property of the particular decedent's estate in accordance with § 2–4–101. The perception of the district court is understandable, but it is not what the court intended. The awkward language is obiter dictum. The rule of stare decisis limits *Wetering* to the facts there which were that those persons for whose benefit the action could be brought all were identified in § 2–4–101(c)(ii). The logic of referring only to § 2–4–101(c) must be denied when the other provisions of § 2–4–101 are considered because of the number of varying circumstances that are contemplated.

Perhaps the court would have been wiser to, in effect, provide an advisory opinion in *Wetering*. At that time, confronted by the tempering that *Saffels* provided for the wide ranging suggestion in *Jordan* in terms of who might participate, the court's concern was to endeavor to provide a manageable definition in the absence of legislative assistance.

We now hold that the persons for whose benefit a wrongful death action is brought are all of those persons identified in § 2–4–101. Whether any such recoveries will be subject to the payment of debts will be controlled by the provisions of § 1–38–102(b), and the distribution of any proceeds will be controlled by § 1–38–102(c), not by § 2–4–101. This approach will make the persons for whose benefit a wrongful death action may be

brought identical to those identified in *Gates v. Richardson*, 719 P.2d 193 (Wyo. 1986), who may be entitled to recover for negligent infliction of emotional distress. In that case, we mentioned specifically spouses, children, parents, and siblings. We do note that § 2–4–101(c)(iii) would encompass grandparents, uncles, aunts, and cousins. In our judgment, extending to those related persons the opportunity to participate in a wrongful death action does not unduly extend the class of persons for whose benefit such actions may be brought to the point that it would be unmanageable.

The resolution of the first issue in favor of the appellants makes any consideration of the constitutional problem unnecessary. The order and judgment of the district court is reversed, and the case is remanded with instructions to enter an order and judgment consistent with the court's opinion.

URBIGKIT, J., concurred in the result only.

BROWN, J., Retired, filed a dissenting opinion.

BROWN, Justice, Retired, dissenting.

If *stare decisis* [1] is a viable doctrine in Wyoming, this case should be affirmed.

Since the 1973 amendment, Wyoming's wrongful death statute has had a tortured history. Before the 1973 amendment, the wrongful death statute provided in part:

Every such action shall be brought by, and in the name of, the personal representative of such deceased person; *and the amount received in every such action shall be distributed to the parties and in the proportions provided by law, in relation to the distribution of personal estates left by persons dying intestate.* In every such case, the jury shall give such damages as they shall

---

**1.** Black's Law Dictionary 1261 (5th ed. 1979) defines *stare decisis* as:

To abide by, or adhere to, decided cases.
Policy of courts to stand by precedent and not to disturb settled point. *Neff v. George,* [1936] 364 Ill. 306, 4 N.E.2d 388, 390, 391. Doctrine that, when court has once laid down

a principle of law as applicable to a certain state of facts, it will adhere to that principle, and apply it to all future cases, where facts are substantially the same; regardless of whether the parties and property are the same. *Horne v. Moody,* Tex.Civ.App. [1940], 146 S.W.2d 505, 509, 510.

deem fair and just. The court or jury may consider, as elements of damages, the amount the survivors failed or will fail, by reason of the death, to receive out of the decedent's earnings, any other pecuniary loss directly and proximately sustained by the survivors by reason of such death including funeral expenses, and further the court or jury may add, as an element of damage, a reasonable sum for the loss of the comfort, care, advice and society of the decedent. The amount so recovered shall not be subject to any debts or liabilities of the deceased; provided, that every such action shall be commenced within two (2) years after the death of such deceased person.

W.S. 1–1066 (1957) (emphasis added).

After the 1973 amendment, the wrongful death statute provided in part:

(a) Every such action shall be brought by and in the name of the personal representative of the deceased person.

(b) *If the deceased left a husband, wife, child, father or mother,* no debt of the deceased may be satisfied out of the proceeds of any judgment obtained in any action brought under the provisions of this section.

(c) The court or jury, as the case may be, in every such action may award such damages, pecuniary and exemplary, as shall be deemed fair and just. *Every person for whose benefit such action is brought may prove his respective damages, and the court or jury may award such person that amount of damages to which it considers such person entitled,* including damages for loss of probable future companionship, society and comfort.

(d) Every such action shall be commenced within two (2) years after the death of the deceased person.

W.S. 1–38–102 (Cum.Supp.1987) (emphasis added).

In *Jordan v. Delta Drilling Company,* 541 P.2d 39 (1975), this court held that an acknowledged child whose parents had not been married could recover for the wrongful death of a father. With reference to the 1973 amendment to the wrongful death statute, the court said:

This amendment omitted any reference to distribution of the proceeds to survivors under the law of this state with respect to the estates of those persons dying intestate and did not restrict the action to heirs of the decedent as the original act did.

\* \* \* \* \* \*

\* \* \* The legislature, by amendment deleting any reference to the laws of distribution of a decedent's estate, has eliminated any question of a relationship between heirship and entitlement to damages.

Id. at 42–43 (footnote omitted).

In *Saffels v. Bennett,* 630 P.2d 505 (Wyo. 1981), the court held that an ex-wife could not recover for the wrongful death of her former husband. The court said:

The legislative history of § 1–38–102(b) reflects the intention of the legislature to not stray from the traditional rule of beneficiary dependence to the extent propounded by appellant and suggested in the dissent hereto. As originally introduced, subsection (b) provided:

"If the deceased left a husband, wife, child, father, mother, brother, sister, or child or children of a deceased child, no debt of the deceased may be satisfied out of the proceeds of any judgment obtained in any action brought under the provisions of this section."

The House Judiciary Committee recommended deletion of the words "brother, sister, or child or children of a deceased child," and the bill was so amended.

The legislative intention thus expressed was to limit the recipients of benefits to be derived from the statute.

\* \* \* \* \* \*

" \* \* \* The word 'every' means each (individual or part) of a *class or group* whether definite or indefinite in number, without exception. \* \* \* " (Emphasis in original.) *State ex rel. Pierce v. Kundert,* 4 Wis.2d 392, 90 N.W.2d 628, 630 (1958).

" ' * * * The word "every" emphasizes fact that all individuals of a *class or group* are included whether definite or indefinite in number.' " (Emphasis in original.) *Reich v. Dietz School Dist. No., 16 of Grant County,* 79 N.D. 261, 55 N.W.2d 638, 641, 642 (1952).

*The words "every person" cannot be interpreted to have the effect of creating a new class of persons and a cause of action* that did not previously exist. A more reasonable interpretation would seem to be that "every person" means all, each, every person within a class or group; the class or group being that class set out in the subsection. This class has heretofore had a cause of action under the Wrongful Death Act.

\* \* \* \* \* \*

The legislature did not intend to add other classifications of persons who could recover under the Wrongful Death Act when the designation "every person" was used.

Id. at 509–10 (emphasis added and footnote omitted).

In *Wetering v. Eisele,* 682 P.2d 1055 (Wyo.1984), the court held that a brother and sisters of the decedent could participate in a wrongful death action when the decedent was survived by his father, mother, four sisters and a brother. In *Wetering,* the decedent was unmarried and had no children. The court, therefore, said that W.S. 2–4–101 (Cum.Supp.1983 (now Cum. Supp.1987)) determined who were the intended beneficiaries of a wrongful death action. The court stated:

*[W]e hold that in adopting § 1–38–102(c), W.S.1977 (Cum.Supp. 1983), the legislature did not intend to change the persons for whose benefit an*

2. W.S. 2–4–101 (Cum.Supp.1987) (emphasis added) sets out the rule of descent as follows:

(a) Whenever any person having title to any real or personal property having the nature or legal character of real estate or personal estate undisposed of, and not otherwise limited by marriage settlement, dies intestate, the estate, shall descend and be distributed in parcenary to his kindred, male and female, subject to the payment of his debts, in the following course and manner:

*action in wrongful death could be maintained. Prior to the adoption of the statute in 1973 the decedent's heirs at law in accordance with the intestacy statutes were the intended beneficiaries* of a wrongful death action. Section 1– 1066, W.S.1957; *Booth v. Hackney, supra;* [516 P.2d 180 (Wyo.1973) ] *Muir v. Haggerty,* 77 Wyo. 280, 314 P.2d 948 (1957); *Coliseum Motor Co. v. Hester, supra,* [43 Wyo. 298] 3 P.2d [105] at 112 [1931]; and *Tuttle v. Short, supra* [42 Wyo. 1, 288 P. 524 (1930) ]. *Since no provision which has the effect of adjusting that rule can be found in the statute, the reference to every person for whose benefit such action is brought must continue to invoke the intestacy provisions of the probate code.* The applicable provision in this instance is found in § 2–4–101, W.S.1977 (Cum. Supp.1983), as follows:

"(c) Except in cases above enumerated, the estate of any intestate shall descend and be distributed as follows:

\* \* \* \* \* \*

"(ii) If there are no children, nor their descendents, then to his father, mother, brothers and sisters, and to the descendents of brothers and sisters who are dead, the descendents collectively taking the share which their parents would have taken if living, in equal parts."

We now hold that the persons for whose benefit the action is brought are identified in the quoted provision of § 2–4–101, W.S.1977 (Cum.Supp.1983). *This does include the surviving brother and sisters in this instance because the decedent did not leave a wife or children surviving.*[2]

(i) If the intestate leaves husband or wife and children, or the descendents of any children surviving, one-half (½) of the estate shall descend to the surviving husband or wife, and the residue thereof to the surviving children and descendents of children, as hereinafter limited;

\* \* \* \* \* \*

(c) Except in cases above enumerated, the estate of any intestate shall descend and be distributed as follows:

*Wetering,* 682 P.2d at 1061–62 (emphasis added).

*Wetering* clearly says that the intended beneficiaries in wrongful death actions are determined with reference to the *intestacy law* as set out in W.S. 2–4–101 (Cum.Supp. 1983, now Cum.Supp.1987). In that case, since the decedent left no spouse or children, W.S. 2–4–101(c)(ii) kicked in and the intended beneficiaries were the father, mother, brothers and sisters.

In the case before us, the decedent was survived by a child. Therefore, W.S. 2–4–101(c)(i) should apply and the other provisions of W.S. 2–4–101 are not applicable. The scholarly and distinguished district judge disagreed with *Saffels* and *Wetering* but felt compelled by *stare decisis* to follow those cases. He ruled, therefore, that the child of the decedent was the sole heir and, in these circumstances, the only intended beneficiary of the wrongful death action. The district court's ruling is not only consistent with *Saffels* and *Wetering,* but *stare decisis* mandated such a ruling.

The majority now says that the intended beneficiaries in a wrongful death action are not limited by the intestacy provisions of the probate code and now encompass all those identified in W.S. 2–4–101, which, I assume, includes remote relatives provided for in subsection W.S. 2–4–101(c)(iii).

The holding here is contrary to *Wetering,* and the majority should say so and specifically overrule *Wetering* rather than say that the district judge may have been mislead by dicta.

A statement of the law that conflicts with the view of a judge or an attorney may be decisive unless it can be avoided. Labeling the statement a dictum is one simple means of evasion * * *.

Comment, *Dictum Revisited,* 4 Stan.L.Rev. 509 (1952).

The rule on intended beneficiaries in a wrongful death action has been changed by the majority opinion. I cannot say that the court's present interpretation of the wrongful death statute is irrational. In fairness, however, to lawyers who have advised clients and judges who have relied on *Saffels* and *Wetering,* the rule in this case should be made prospective.

However, I would affirm the case on the basis of *stare decisis.*

(i) To his children surviving, and the descendents of his children who are dead, the descendents collectively taking the share which their parents would have taken if living;

(ii) If there are no children, nor their descendents, then to his *father, mother, brothers and sisters,* and to the descendents of brothers and sisters who are dead, the descendents collectively taking the share which their parents would have taken if living, in equal parts;

(iii) If there are no children nor their descendents, nor father, mother, brothers, sisters, nor descendents of deceased brothers and sisters, nor husband nor wife, living, then to the grandfather, grandmother, uncles, aunts and their descendents, the descendents taking collectively, the share of their immediate ancestors, in equal parts.