The Honorable J.L. "Jim" Shaver, Jr. State Representative P.O. Box 592 Wynne, Arkansas 72396
Dear Representative Shaver:
This is in response to your request for an opinion on whether applicable law would permit a county to levy sales taxes totaling two percent (2%) for general county purposes.
It is my opinion that the answer to your question is "yes."
It should be noted initially that a county's power to authorize a tax on the sale of goods or services falls within the category of powers which require state delegation. In this regard, A.C.A. §14-14-806(1) states in pertinent part that:
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following powers, unless the power is specifically delegated by the General Assembly:
 (1) The legislative power to authorize a tax on income or the sale of goods and services.
It should also be noted that A.C.A. § 26-73-103(g) (1987) provides that "[u]ntil otherwise authorized by the General Assembly, cities and counties shall have no authority to levy any new sales or use taxes after April 1, 1977."
A county wishing to levy a sales tax must therefore do so pursuant to specific statutory authority. Three subchapters of the Arkansas Code are relevant to the levy of county sales taxes for general county purposes.[1] They are A.C.A. §§26-74-201—223, A.C.A. §§ 26-74-301—319, and 26-74-401—414 (Cum. Supp. 1991). It was stated in Op. Att'y Gen. No. 88-227 (copy enclosed), based upon relevant language of the statutes, that a sizeable doubt existed as to whether the first two subchapters each authorized a separate one cent sales tax. It was concluded in that opinion that the first subchapter (A.C.A. §§26-74-201—223) was intended to supersede and amend the provisions of A.C.A. §§ 26-74-301—319 so as to authorize only the imposition of one cent of sales and use tax between the two subchapters.[2]
It appears that this interpretation may no longer be correct, however, in light of the passage of Act 36 of the First Extraordinary Session of 1992. (See also Act 1014 of 1993.) This act, which was passed to clarify the effect of A.C.A. §14-164-338 on the authority of cities and counties to levy general sales taxes, included a provision stating that:
 ". . . the General Assembly hereby finds and determines that Arkansas Code sections 26-74-201
through 26-74-223, 26-74-301 through 319, 26-75-201
through 26-75-223, and 26-75-301—318[3] each
provide for the levy of up to a one percent (1%) sales and use tax and the use thereof for any purpose for which the general funds of the municipality or county may be used unless restricted on the ballot to a specified purpose." [Emphasis added.]
This provision was included and readopted in Act 1014 of 1993. The General Assembly has therefore expressed its intent that A.C.A. §§ 26-74-201—223 and A.C.A. §§ 26-74-301—319 "each" authorize the levy of a one cent sales and use tax for general county purposes. The word "each," in my opinion, refers to all of the subchapters mentioned above individually. See Delaney v.Johnson, 95 Ark. 131, 128 S.W. 859 (1910) (as to the meaning of "each"); Knox Jewelry Co., Inc. v. Cincinnati Ins. Co.,130 Ga. App. 519, 203 S.E.2d 739 (1974) (holding the word "each" synonymous with "all"); and State ex rel. Pierce v. Kundert,4 Wis. 2d 392, 90 N.W.2d 628 (1958) (holding the word "each" synonymous with "every"). It appears, therefore, that a county could levy a one cent sales and use tax under A.C.A. §§26-74-201—223 for general county purposes, and a separate one cent sales and use tax under A.C.A. §§ 26-74-301—319 for general county purposes.
The last of the three relevant subchapters (A.C.A. §§26-74-401—414) was enacted in 1991, and allows a county to levy a one-half cent sales and use tax to be used for general county purposes provided it does not have a countywide one percent sales and use tax on March 14, 1991. This subchapter also provides that ". . . no county levying a tax pursuant to this act shall have authority to levy combined total sales and use taxes at a rate greater than two percent (2%)." A.C.A. § 26-74-414(a). It is conceivable that a county which does not have a sales and use tax could levy the one-half cent tax under this subchapter and then, at a later date, enact additional sales taxes under A.C.A. §§26-74-201—223 and A.C.A. §§ 26-74-301—319 which with the tax under A.C.A. §§ 26-74-401—414 would total up to two cents, all of which could be used for general county purposes.
It is therefore my opinion that the answer to your question is "yes."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Other statutes authorize such taxes for specific uses, or specific categories of uses. See, e.g., A.C.A. §§ 14-164-338
and 26-73-113, and generally Acts 1012 and 1069 of 1993.
[2] The intent of the subchapter was not to authorize a separate additional sales and use tax, but appeared rather to be to insure that a use tax was imposed wherever the local sales tax was imposed. Additional support for this conclusion is found in te Governor's Proclamation or "call" which gave rise to the Extraordinary Session of 1981, at which A.C.A. §§ 26-74-201—223 was adopted. Item 9 of the "call" was "[t]o amend Sections 1, 3, 5 and 7 of Act 991 [A.C.A. §§ 26-74-301—319], to levy a county sales and use tax. . . ." (Emphasis added.)
[3] The two latter subchapters authorize municipalities to impose local sales and use taxes.